Dorothy F. MARTIN, Appellant,

v.

DOSOHS I, LTD. Appellee.

No. 04–96–00663–CV.

Court of Appeals of Texas, San Antonio.

Aug. 13, 1997.

George J. Carson, Law Offices of George J. Carson, Charles A. Nicholson, Law Offices of Pat Maloney, P.C., Scott Roberts, San Antonio, for Appellant.

Michael Flume, H. O'Neal Munn, Munn, Estrada & Flume, P.C., John M. Killian, John M. Killian & Associates, San Antonio, for Appellee.

Before RICKHOFF, STONE and DUNCAN, JJ.

DUNCAN, Justice.

Dorothy F. Martin petitions for a writ of error to set aside a December 14, 1994 partition decree, which awarded Dosohs I, Ltd. 1.208 acres out of the Martins' non-exempt homestead property. Because Texas law deems Mrs. Martin's complaint an allegation of error in the trial court's decree ordering partition, which cannot be reviewed in an appeal from the partition decree, we hold

Mrs. Martin has failed to establish error and therefore affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

In 1963, Glen and Dorothy Martin purchased a home located on eight lots in the City of Terrell Hills, Texas. In December 1994, however, a sheriff's deed transferred to Dosohs "all the estate, right, title and interest which the said Glen A. Martin had on the 6th day of October A.D.1994, or any time afterwards, of, in and to the following described premises, viz: AN UNDIVIDED 54.8%" of the eight lots.

Not long after acquiring this interest, Dosohs sued Mr. Martin and later Mrs. Martin for a partition. The Martins answered the suit with general denials that were identical in all respects but one—while Mr. Martin appeared through his attorney, John M. Killian, Mrs. Martin appeared pro se. It thus appears from the transcript that Dosohs' attorney served both Killian and Mrs. Martin with Dosohs' discovery requests and motion to enter the property to conduct a survey.

In early March 1995, at Dosohs' request, the district clerk set the case for an October 16th jury trial. On October 18, however, the trial court signed an order stating "the Defendant" had requested and been granted a continuance, and the trial was reset for October 30 on the non-jury docket "with no further continuances allowed." This order appears to have been signed by Killian to indicate his approval of its form; however, the signature block shows Killian signed as the attorney for the "defendants," rather than for just Mr. Martin. After this order, the transcript reflects Dosohs' attorney served and directed the district clerk to serve both Mr. and Mrs. Martin by serving Killian.

On October 30, the Honorable Charles A. Gonzalez, Judge of the 57th Judicial District Court of Bexar County, Texas, again called the case for trial. This time, however, neither Killian nor the Martins appeared. Judge Gonzalez therefore took a brief recess so Dosohs' attorney could attempt to contact Killian "pursuant to the lawyers creed...."[1]

---

1. Rule III(11) of the Texas Lawyer's Creed provides an attorney "will not take advantage, by causing any default or dismissal to be rendered,

when [he or she] know[s] the identity of an opposing counsel, without first inquiring about

After the recess, Dosohs' attorney reported to Judge Gonzalez that Killian had indicated he did not need to attend and did not object to the trial proceeding in his absence.

Dosohs then put on the testimony of Carol Wooten, who performed a title search on the property, and Matt Molak, one of Dosohs' vice-presidents, and introduced into evidence the relevant deeds and a survey reflecting Dosohs' proposed partition, which set aside to the Martins a contiguous one-acre tract that would include their home. At the conclusion of the trial, Judge Gonzalez signed a Decree Ordering Partition and otherwise granted Dosohs the relief it requested. Specifically, the October 30th Decree Ordering Partition:

(1) found the property was subject to partition;

(2) found Dosohs owned an undivided 54.8% interest in the eight lots, and the Martins owned the remaining undivided 45.2% interest;

(3) appointed three commissioners to divide the property into two shares with the Martins' share consisting of a contiguous one-acre tract that would include their home;

(4) ordered the commissioners to file their report by November 15; and

(5) set a hearing to approve the commissioner's report for December 14.

On November 9, the commissioners report was filed, and the district clerk sent notice of its filing and a copy of the report to the parties, Killian, and Dosohs' attorney by certified mail, return receipt requested. Neither Killian nor the Martins filed objections to the report. Although only the notices sent to the Martins were marked "unclaimed" and returned to the clerk, Dosoh's attorney opened the December 14 hearing by stating on the record that another attorney, Dean Greer, had earlier appeared on the Martins' behalf, announced "conferring," and then, after conferring, said he was leaving because there was nothing he could do. The trial court then granted the partition and signed the Partition Decree, which approved the commissioners' report and awarded a one-

acre tract to the Martins and a 1.208–acre tract to Dosohs.

On June 12, 1996—more than six months after the Decree Ordering Partition but less than six months after the Partition Decree—Mrs. Martin filed a petition for a writ of error seeking to set aside "the judgment." In her supporting affidavit, Mrs. Martin states she was never represented by Killian or any other attorney in this suit, she was not notified of and did not participate in the October 30 and December 14 hearings, she did not receive a copy of the October 18 setting order, and she did not receive a copy of either the Decree Ordering Partition or the commissioners' report until the end of January 1996 when workmen began building a fence on the property. Also filed in support of Mrs. Martin's petition are the affidavits of Killian and Greer, each of whom states he did not sign or file any pleading or otherwise appear on Mrs. Martin's behalf in this suit, and he "did not communicate with her in the capacity of a legal counsel or attorney nor did [he] advise her as an attorney."

### REQUIREMENTS FOR A WRIT OF ERROR

■ "[T]o be entitled to reversal by writ of error, a party who did not participate at trial has six months in which to show error on the face of the record." *Primate Constr., Inc. v. Silver,* 884 S.W.2d 151, 152 (Tex.1994). Dosohs apparently agrees Mrs. Martin did not participate at trial but it argues her petition was not timely filed and does not show error apparent on the face of the record.

### TIMELINESS

■ As Dosohs points out, a partition case yields two appealable orders or judgments. *E.g., Griffin v. Wolfe,* 610 S.W.2d 466, 466 (Tex.1980); *Bierschwale v. Bode,* 755 S.W.2d 562, 564 (Tex.App.—San Antonio 1988, no writ); *Marmion v. Wells,* 246 S.W.2d 704, 705–06 (Tex.Civ.App.—San Antonio 1952, writ ref'd). The first of these orders is the decree ordering a partition, in which the trial court must find that all or part of the property is "susceptible of partition," as well as the

that counsel's intention to proceed." TEX. LAW-YER'S CREED III(11) (1989).

joint owners' respective interests, and then appoint and instruct three commissioners to determine a suitable division of the property. *Marmion,* 246 S.W.2d at 705–06; *see* TEX.R. CIV. P. 760, 761. The second of these orders is the partition decree itself, in which the trial court actually partitions the property. *Marmion,* 246 S.W.2d at 705.

■ In light of these authorities, Dosohs argues Mrs. Martin's petition plainly attacks the division of property set forth in the October 30th Decree Ordering Partition and was, therefore, filed untimely. While we agree Mrs. Martin's petition does not clearly identify the decree she seeks to set aside, we disagree with Dosohs' conclusion that she must be attacking the Decree Ordering Partition. To the contrary, in Mrs. Martin's brief to this court, her attorneys unequivocally assert "[t]here is no dispute that the petition was filed within six months of the signing of the final judgment," and they could not make this statement honorably, as officers of the court, if Mrs. Martin were seeking to set aside the Decree Ordering Partition. Accordingly, we construe Mrs. Martin's petition as seeking to set aside the Partition Decree, hold the petition was filed timely, and turn to the remaining requirement for a writ of error—error.

### ERROR

Mrs. Martin argues the trial court erred by awarding Dosohs a larger tract than it was entitled to because the sheriff's deed did not transfer to Dosohs an undivided 54.8% interest in all of the property but only in Mr. Martin's one-half community interest. Therefore, Mrs. Martin argues, the trial court should have awarded to Dosohs only one-half of what it awarded or a tract containing approximately one-half of an acre. Whatever may be the merits of this argument, we agree with Dosohs that we cannot consider it in Mrs. Martin's appeal from the Partition Decree.

■ As this court held in *Marmion,* " 'if the judgment now appealed from merely followed [the first decree], then the error, if error it be, would be in the former, and not in the latter, ruling,' " and "[i]t is well settled that upon an appeal from the second ...

decree matters determined by the first ... decree cannot be reviewed." *Marmion,* 246 S.W.2d at 705–06 (quoting *Scheiner v. Probandt,* 73 Tex. 532, 11 S.W. 538, 539 (1889)). Accordingly, since the sole complaint articulated in Mrs. Martin's petition is that the trial court followed the ownership interests set forth the Decree Ordering Partition in awarding a 1.208–acre tract to Dosohs, her complaint is deemed a challenge to the Decree Ordering Partition—a complaint we cannot consider in her appeal from the Partition Decree.

### CONCLUSION

Because Mrs. Martin appeals the trial court's Partition Decree, but her complaint as to that decree is simply that the trial court erred in following the ownership interests set forth in the Decree Ordering Partition, we cannot review her complaint in the context of this appeal. We therefore overrule Mrs. Martin's points of error and affirm the trial court's Partition Decree.