**Mary S. CAMPBELL, Appellant,**

v.

**John TUFTS, Jr., Appellee.**

**No. 10–98–272–CV.**

Court of Appeals of Texas, Waco.

Oct. 13, 1999.

L. Vance Stanton, The Stanton Firm, P.C., Dallas, for appellant.

R. Gregory Lamb, Lamb & Lea, P.C., Rowlett, for appellee.

Before: Chief Justice DAVIS, Justice VANCE and Justice GRAY.

## OPINION

DAVIS, Chief Justice.

John Tufts, Jr. filed suit to obtain a judicial partition of the 891.547–acre tract of land which his sister Mary S. Campbell and he inherited from their father. The court appointed commissioners to divide the land into two equal parcels. The commissioners performed their task and prepared a written report. The court approved the report and assigned the parcels by lot. Campbell claims in two points that the court erred in assigning the parcels by lot because: (1) the court should have exercised its equity powers and awarded her a particular tract based on the evidence she presented at the hearing; and (2) Tufts presented no evidence to justify the assignment of this tract to himself.

## BACKGROUND

Tufts and Campbell inherited the property from their father in 1991. Tufts filed his partition suit in September 1995. The court entered an "Agreed Order on Motion for Appointment of Commissioners and to Partition Property" in June 1997. In this order, the court decreed that Tufts and Campbell "are the sole owners" of the property each owning "an undivided one-half interest" therein. The court found that the "whole of the … property may be susceptible to fair and equitable partitioning between the parties so as to reflect their respective interests." The court ordered that the property "be partitioned between the … parties such that the value of the parcels allotted to each party reflects that party's interests as recited above." Before appointing commissioners however, the court required the parties to attend mediation to resolve the matter.

The court determined in August 1997 that mediation was unsuccessful and appointed commissioners to partition the property pursuant to the prior order. In January 1998, the commissioners issued their written report dividing the property into a 425.886–acre northern parcel and a 465.661–acre southern parcel and recommending that the recipient of the southern parcel be granted an easement across the northern parcel for access.

Tufts filed a motion asking the court to assign the parcels by lot. Campbell filed a response requesting that the court assign the northern parcel to her because:

- Tufts had already sold a tract along the southern boundary of the property to a third party;
- access is difficult to certain areas of the southern parcel;
- she had spent "significant funds on improvements to the property"; and
- "other good and preponderant reasons" existed which would be shown at the hearing.

At the hearing on Tufts's motion, Tufts appeared by counsel but not in person.

Campbell appeared in person and by counsel. Tufts's counsel asked the court to assign the parcels by lot because both parties wanted the northern parcel which has a lake.

Campbell provided testimony as to why she felt the court should award her the northern parcel. She has lived adjacent to the property since 1980. Regarding improvements to the property, she testified:

> in the early '80's we did a lot of extensive work on the cabin there by the lake on the farm. There was about 10 to 15 thousand dollars we put into it. And then we did a lot of fertilizing on the farm; we had cattle there. And improvements on the fencing and things like that.[1]

Campbell raised her children there by the farm, and they "spent a lot of time there with [her] father" who came down from Dallas on weekends to work the farm. Campbell testified about spending time with her grandmother on the property:

> she came down there and we would go down there and we would fish a lot with the kids and—oh, that was one of the reasons why we fixed up the cabin was for her to come down on the weekends and stay there because she loved the place and so did my father. And then we loved the place too, and my children.

According to Campbell, Tufts came to the property only when their father held meetings there for company employees, of which Tufts was one.

Campbell also testified that Tufts sold a 212–acre tract to the south of the disputed property to a third party and has agreed to sell his partitioned interest in the remaining property to this third party as well. Thus, she feels it makes more sense to award Tufts the southern parcel so the third party will own contiguous tracts of land.

The third party confirmed in his own testimony that he intends to purchase Tufts's partitioned interest in the property. He characterized the buildings on the northern parcel as being "no good" but which "can be used some." He also explained that he would prefer to purchase the northern parcel of land from Tufts to have access to water for his cattle.

On cross-examination, Campbell stated that her home is bounded on two sides by the southern parcel and not connected to the northern parcel. Her son has resided in the cabin on the northern parcel for two years without paying rent. Campbell explained that he "kept the cabin up and made some improvements" to it. She testified that her son is about to move from the property. She agreed that the parcels are equally divided.

After hearing the evidence and argument of counsel, the court decided to assign the parcels by lot.[2] As a result, the court awarded the northern parcel to Tufts and the southern parcel to Campbell.

## APPLICABLE LAW

■ A judicial partition involves two appealable orders. *Griffin v. Wolfe*, 610 S.W.2d 466, 466 (Tex.1980) (per curiam); *Martin v. Dosohs I, Ltd.*, 951 S.W.2d 821, 823 (Tex.App.—San Antonio 1997, no pet.). By the first order, the court:

1. Although it is not entirely clear from the record, it appears that the parties refer to the entire 891.547–acre tract as "the farm."

2. We note that Rule of Civil Procedure 768 requires the commissioners to perform this task. *See* Tex.R.Civ.P. 768. The court's duty in this regard is to approve the commissioners' report and partition the property pursuant to the report. *See Martin v. Dosohs I, Ltd.*, 951 S.W.2d 821, 824 (Tex.App.—San Antonio 1997, no pet.). If the court finds the report "to be erroneous in any material respect, or unequal and unjust," the court rejects the report and appoints other commissioners to partition the land. *See* Tex.R.Civ.P. 771. Because Campbell does not complain about the court performing the commissioners' duty, we do not address the propriety of this action.

- determines "the share or interest of each of the joint owners or claimants in the real estate sought to be divided, and all questions of law and equity affecting the title to such land";

- decides whether the property is "susceptible to partition"; and

- appoints commissioners to partition the property "in accordance with the respective shares or interests of each of such parties entitled thereto."

TEX.R.CIV.P. 760, 761; *Martin*, 951 S.W.2d at 823–24; *Yturria v. Kimbro*, 921 S.W.2d 338, 342 (Tex.App.—Corpus Christi 1996, no writ).

In the second decree, the court approves the commissioners' report and partitions the property, or if it finds the report "to be erroneous in any material respect, or unequal and unjust," the court rejects the report and appoints other commissioners to partition the land. *See Martin*, 951 S.W.2d at 824; TEX.R.CIV.P . 771.

 Before rendering the first decree, the court has the authority "to adjust all equities between the parties." *Yturria*, 921 S.W.2d at 342. The court "applies the rules of equity in determining the broad question of how property is to be partitioned." *Id.*

Thus, proof is made to the factfinder at trial of the existence and value of improvements to the property at the time of partition and of other equitable considerations which may warrant awarding a particular portion of the property to one of the parties. *See Burton v. Williams*, 195 S.W.2d 245, 247–48 (Tex.Civ.App.—Waco 1946, writ ref'd n.r.e.). Based on the findings of the judge or jury, the trial court then appoints commissioners to make the actual division of the property and instructs them to take these matters into account in making the partition. *See Bouquet v. Belk*, 376 S.W.2d 361, 362–63 (Tex.Civ.

App.—San Antonio 1964, no writ); *Burton*, 195 S.W.2d at 247–48.

*Id.*

 Regarding the trial court's order following this first hearing, this Court has said:

by the preliminary decree "the merits of the case are certainly determined and the rights of the parties concluded; nor should such decree be controlled or revised unless upon appeal or writ of error. The only question which could properly arise on the report of the commissioners would be as to the conformity of the division with the rules settled by the decree, and as such would arise upon the acts of the commissioners."

*Burkitt v. Broyles*, 340 S.W.2d 822, 823 (Tex.Civ.App.—Waco 1960, writ ref'd n.r.e.) (quoting *Cannon v. Hemphill*, 7 Tex. 184, 196–97 (1851)). Texas courts have uniformly held that matters decided in the first hearing cannot be challenged in an appeal from the trial court's second order adopting the commissioners' report and partitioning the property. *White v. Mitchell*, 60 Tex. 164, 165 (1883); *Martin*, 951 S.W.2d at 824; *Voth v. Felderhoff*, 768 S.W.2d 403, 411 (Tex.App.—Fort Worth 1989, writ denied); *Taub v. Kahn*, 646 S.W.2d 570, 571–72 (Tex.App.—Houston [1st Dist.] 1982, no writ); *Burkitt*, 340 S.W.2d at 823–24; *Marmion v. Wells*, 246 S.W.2d 704, 705 (Tex.Civ.App.—San Antonio 1952, writ ref'd).

## APPLICATION

 Campbell's two points of error challenge the manner in which the court exercised its equitable powers to partition the property. However, she appeals from the court's May 1998 partition decree, not the court's August 1997 decree declaring the relative interests of the parties in the property and appointing commissioners to partition the property.

Campbell should have presented her equity claims before the court's August 1997 decree. *See Yturria*, 921 S.W.2d at 342; *Bouquet*, 376 S.W.2d at 362; *Burton*,

195 S.W.2d at 247–48. Instead, she signed off on an agreed order reflecting that each of the parties owns "an undivided one-half interest in the ... property" and not reflecting any further equities or improvements which should be taken into consideration by the commissioners when partitioning the party.

Because Campbell agreed to this order, she cannot now complain that the court failed to take into account the improvements she made to the property. *See Martin,* 951 S.W.2d at 824; *Marmion,* 246 S.W.2d at 705–06.

■ Rule of Civil Procedure 768 requires that property be partitioned by lot. Tex.R.Civ.P. 768. However, a court exercising its powers of equity in a partition suit need not partition the property by lot when "the interests of the parties in the realty to be partitioned are unequal." *Grimes v. Hall,* 211 S.W.2d 956, 958 (Tex. Civ.App.—Eastland 1948, no writ); *accord Carr v. Langford,* 144 S.W.2d 612, 614 (Tex.Civ.App.—Dallas 1940), *aff'd,* 138 Tex. 330, 159 S.W.2d 107 (1942). Because Campbell agreed to an order which decreed that Tufts's interest in the property is equal to her own and which did not find that she had any equitable interest in a particular portion of the tract, she cannot now complain that the court partitioned the property in compliance with Rule 768. *Cf. id* .

Accordingly, we overrule her points of error and affirm the judgment.