NUMBERS 13-01-688-CV & 13-02-673-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG




J. MICHAEL HERSHEY AND
JEFFREY M. HERSHEY,                                                             Appellants,

v.

G. CAMERON DUNCAN, SR., ET AL.,                                       Appellees.




On appeal from the 329th District Court
of Wharton County, Texas.




DISSENTING MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Castillo
             Dissenting Memorandum Opinion by Justice Castillo

         The majority holds we do not have jurisdiction because the August 13, 2001
Supplemental Order of Partition and the September 18, 2002 Order to Pay Expenses
are not final judgments. I respectfully dissent. 
I. THE SUPPLEMENTAL ORDER OF PARTITION
A. Judicial Partition
         The Texas Rules of Civil Procedure provide a two-step procedure for the
partition of real estate. See Tex. R. Civ. P. 756, et seq. In the first step, the trial court
determines: (1) the share or interests of each owner; (2) all questions of law or equity
affecting the title to the land; and (3) whether the property is susceptible to partition
or is the subject of a sale. Tex. R. Civ. P. 760, 761, and 770. Rule 760 provides that,
"[u]pon the hearing of the cause, the court shall determine the share or interest of
each of the joint owners or claimants in the real estate sought to be divided, and all
questions of law or equity affecting the title to such land which may arise." Rule 761
then provides, in pertinent part, that "[t]he court shall determine before entering the
decree of partition whether the property, or any part thereof, is susceptible of
partition." If the property is not partitionable in kind, the trial court orders partition by
sale. See Tex. R. Civ. P. 770. However, if the court determines the land is
partitionable in kind, it appoints three commissioners to make the partition and
instructs them concerning the share or interest of each party. Tex. R. Civ. P. 761,
764, and 766. 
         Thus, unlike other proceedings, as the majority acknowledges, a judicial partition
case has two final decrees. Griffin v. Wolfe, 610 S.W.2d 466, 466 (Tex. 1980) (per
curiam); Yturria v. Kimbro, 921 S.W.2d 338, 342 (Tex. App.–Corpus Christi 1996,
no writ). The first decree determines each owner's share and appoints the 
commissioners. Thomas v. McNair, 882 S.W.2d 870, 876 (Tex. App.–Corpus
Christi 1994, no writ). It is in this first decree, determining each owner's share and
appointing the commissioners, that the trial court issues instructions about what
matters the commissioners are to take into account in making the actual partition. See
Campbell v. Tufts, 3 S.W.3d 256, 259 (Tex. App.–Waco 1999, no pet.). Before
rendering the first decree, the court has the authority "to adjust all equities between
the parties." Tufts, 3 S.W.3d at 259 (quoting Yturria, 921 S.W.2d at 342). The
court "applies the rules of equity in determining the broad question of how property
is to be partitioned." Tufts, 3 S.W.3d at 259 (quoting Yturria, 921 S.W.2d at 342). 
Also as the majority notes, this first decree is appealable. Wolfe, 610 S.W.2d at 466. 
         In the second step, after the property is partitioned by the commissioners or
through sale, the trial court enters an order of disbursement dividing either the
partitioned property or the proceeds of the sale. McNair, 882 S.W.2d at 877 (citing
Pfeffer v. Meissner, 286 S.W.2d 241, 246 (Tex. Civ. App.–Galveston 1955, writ ref'd
n.r.e.)). In the case of a partition, it is this second decree that approves the
commissioners' report. McNair, 882 S.W.2d at 876. It, too, is appealable. Yturria,
921 S.W.2d at 342. Matters decided by the first decree appointing commissioners
and instructing them about what matters to take into account in making the
actual partition cannot be challenged in an appeal from the trial court's second
decree adopting the commissioners' report and partitioning the property. See Tufts,
3 S.W.3d at 259. In fact, once appeal on the second decree has been
perfected, matters determined by the first decree cannot be reviewed. Marmion v.
Wells, 246 S.W.2d 704, 705 (Tex. Civ. App.–San Antonio 1952, writ ref'd). 
B. Procedural Background
         J. Michael Hershey objected to the commissioners' report as noncompliant with
the applicable rules of civil procedure. Rule 771 addresses the procedure for objecting
to the commissioners' report: 
Either party to the suit may file objections to any report of the
commissioners in partition within thirty days of the date the report is
filed, and in such case a trial of the issues thereon shall be had as in
other cases. If the report be found to be erroneous in any material
respect, or unequal and unjust, the same shall be rejected, and other
commissioners shall be appointed by the Court, and the same
proceedings had as in the first instance. 
Tex. R. Civ. P. 771. After considering the parties' competing summary-judgment
motions, the trial court granted appellees' motion. Later, in response to appellees'
motion for an order to the commissioners to revise their report, the trial court issued
its Supplemental Order of Partition, which remanded the case to the commissioners
with instructions to: (1) set aside to J. Michael Hershey and Jeffrey Hershey individual
shares of land based on their respective interests as partitioned to them jointly by the
June 14, 2000 Decree of Partition; and (2) tax to J. Michael Hershey the costs of the
reallocation of the Hersheys' individual interests.  
         I conclude that the Supplemental Order of Partition is a hybrid of the two types
of appealable partition decrees contemplated by the judicial partition rules of procedure
and described by McNair, not an interlocutory order. The chronology of the trial
court's orders makes this clear. The June 14, 2000 decree appointed commissioners
and instructed them how to partition the parties' respective interests. This is the first
type of appealable decree described by McNair. See McNair, 882 S.W.2d at 876.
While the parties agree that the June 14, 2000 decree was appealable, as the majority
notes, no one did. Next, the Supplemental Order of Partition accomplished three
purposes. First, it adopted the commissioners' report with respect to partition of the
appellees' shares. This is the second type of appealable decree contemplated by
McNair. See id. Second, however, the Supplemental Order of Partition also amended
the trial court's instructions to the commissioners about how to partition the Hersheys'
respective interests as between the two of them. This is the first type of appealable
decree described by McNair. See id. Third, the Supplemental Order of Partition
adjusted the "equities between the parties" by instructing the commissioners to report
the costs associated with the reallocation of the Hersheys' individual interests
separately and tax them against J. Michael Hershey. See Tufts, 3 S.W.3d at 259; see
also Yturria, 921 S.W.2d at 342. This, too, is the first type of appealable decree
described by McNair. See McNair, 882 S.W.2d at 876. 
         As I interpret rule 760, the trial court has the power and duty to determine the
equities and to adjust them according to the circumstances of the case. See Taub v.
Kahn, 646 S.W.2d 570, 572 (Tex. App.–Houston [1st Dist.] 1982, no writ). Here,
the trial court returned a matter to the commissioners with specific instructions that
would "effect a partition by disposing of items on which the parties had been unable
to agree." See id. "A trial court has continuing jurisdiction to enter new orders as the
necessity arises in partition suits." See id. I conclude that the trial court had the
continuing jurisdiction to enter these new orders as the necessity arose. See McNair,
882 S.W.2d at 876-77. Far from being interlocutory, the Supplemental Order of
Partition, while a hybrid of both types of appealable decrees, invokes our jurisdiction
whichever way it is read. I would hold we have jurisdiction to reach the merits of the
appeal. 
II. The September 18, 2002 Order to Pay Expenses
          Rule 778 provides that the court shall adjudge the costs in a partition suit in
proportion to the value of each share. Tex. R. Civ. P. 778; Ellis v. First City Nat'l Bank,
864 S.W.2d 555, 557 (Tex. App.–Tyler 1993, no writ). I conclude that the Order to
Pay Expenses is merely a new order, the necessity for which arose in this partition suit
by the reallocation of the Hersheys' individual interests as between them, followed by 
the non-payment of the costs associated with that reallocation. See id.; see also
McNair, 882 S.W.2d at 876-77. A final judgment is one that is "sufficiently definite
and certain to define and protect the rights of all litigants, or it must provide a definite
means of ascertaining such rights, to the end that ministerial officers can carry the
judgment to execution." Hinde v. Hinde, 701 S.W.2d 637, 639 (Tex. 1985) (quoting
Steed v. State, 183 S.W.2d 458, 460 (Tex. 1944)). The Order to Pay Expenses is
definite and capable of execution. I would hold that it is final and appealable. See
Ellis, 864 S.W.2d at 556 (reversing portion of judgment assessing costs in partition
suit and remanding for redetermination pursuant to rule 778). 
 
                                                                ERRLINDA CASTILLO
                                                                Justice


Dissenting Memorandum Opinion delivered and filed
this 4th day of November, 2004.