NO. 07-05-0050-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 31, 2006
_____

JUDY LAWRENCE, APPELLANT

V.

EDDIE STAFFORD, INDIVIDUALLY AND AS INDEPENDENT
ADMINISTRATOR OF THE ESTATE OF ALEX STAFFORD, DECEASED,
GLENDA STAFFORD DISNEY, DEANNA STAFFORD JOHNSON,
D'OUN ARP, INDEPENDENT EXECUTRIX OF THE ESTATE OF
VIRGINIA STAFFORD GRYDER, APPELLEES
_____

FROM THE 69TH DISTRICT COURT OF DALLAM COUNTY;

NO. 10,238; HONORABLE RON ENNS, JUDGE
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

This appeal is another installment in a long-running family dispute concerning the interest of the estate of Alex Stafford, deceased, in land located in Dallam County, Texas. Appellant Judy Lawrence was made a defendant in a partition action brought by appellees Eddie Stafford, independent administrator of the estate, and other family members. After a hearing, on August 19, 2004, the trial court signed a decree ordering partition and

appointing commissioners. The commissioners filed their report in December 2004 and, after another hearing, on February 4, 2005, the court signed the decree confirming the commissioners' report and partitioning the land among Stafford's heirs. Lawrence, acting *pro se*, appeals that February 4, 2005 decree. We will affirm.

Lawrence presents seven issues on appeal. The first four of her issues re-urge a contention made in previous proceedings in this court, that being that Stafford's heirs and estate own no interest in the land. By her fifth issue, Lawrence contends the trial court's actions deprived her of equal protection of the law. Her sixth issue alleges a conspiracy involving the trial court and appellees' counsel, and her seventh issue complains the trial court did not properly respond to her request for findings of fact and conclusions of law.

Issues One, Two, Three and Four - Prior Proceedings

Lawrence's first four issues revolve around prior proceedings in the 69th District Court and in this court. In a March 14, 1995, opinion in cause number 07-94-0178-CV, styled Martin Stafford, Trustee of A.M. & J. Trust v. Eddie Stafford, Independent Administrator of the Estate of Alex Stafford, deceased, we reversed a summary judgment in favor of the independent administrator that declared conveyances of the land to trustees were invalid and vested title to an interest in the land in the estate. We remanded the cause to the district court. After further proceedings, that court entered a judgment again decreeing that Stafford's heirs and estate held title to an interest in the land. We affirmed that judgment on October 28, 1998, in cause number 07-97-0494-CV, styled Martin

2

Stafford, individually and as trustee v. Eddie Stafford, independent administrator.[1]  The

Texas Supreme Court denied a petition for review.

The parties agree the land involved in this appeal is the same land addressed in the

prior proceedings.  The record reflects that Lawrence is among the heirs of Alex Stafford,

her father.  She does not deny that the judgments in those proceedings are binding on her,

nor does she seek to re-litigate the issue of title to the land.  Ignoring the trial court's

judgment affirmed in our 1998 opinion, Lawrence insists that our 1995 opinion and

judgment were conclusive on the issue of title to the land.[2]  She quotes language from our

1995 opinion and argues that opinion established the law of the case, citing *Hudson v.

Wakefield*, 711 S.W.2d 628 (Tex. 1986).  But our 1998 opinion addressed the doctrine of

law of the case, and explained why that doctrine could not support reversal of the trial

court's judgment. Slip op. at 5. No good purpose would be served by repeating that

explanation here.[3]

---

[1] 1998 WL 751186.

[2] As our 1998 opinion discusses, Lawrence's mother Martin Stafford made the same argument during that appeal. 1998 WL 751186, at 3.  Lawrence's brother Alex Ray Stafford has made the same assertion, with respect to the same land, in proceedings in this court. *Stafford v. Stafford*, No. 07-04-0262-CV, 2004 WL 2029704 (Tex.App.–Amarillo, Sept. 10, 2004, pet. dism'd) (mem. op.).  Lawrence asserted the same position in a mandamus proceeding in this court.  *In re Lawrence*, No. 07-04-0344-CV, 2004 WL 1516413 (Tex.App.–Amarillo, July 7, 2004) (orig. proceeding) (mem. op.).

[3] We note also that the doctrine applies only to subsequent proceedings in the same case following the ruling of an appellate court on a question of law raised on appeal. *Hudson*, 711 S.W.2d at 630; *Hallmark v. Hand*, 885 S.W.2d 471, 474 (Tex.App.–El Paso 1994, writ denied).  The present partition action is not the same case as that reviewed in our 1995 and 1998 opinions.

Moreover, Lawrence's failure to perfect appeal from the trial court's August 19, 2004 decree establishing the parties' shares or interests in the land and its susceptibility to partition precludes her from raising those issues in this appeal. A decree determining the interests of owners under Rules of Civil Procedure 760 and 761 is final and appealable. *Griffin v. Wolfe*, 610 S.W.2d 466 (Tex. 1980). Those issues may not be reviewed in an appeal from a later decree approving the commissioners' report. *Campbell v. Tufts*, 3 S.W.3d 256, 259 (Tex.App.–Waco 1999, no pet.); *Voth v. Felderhoff*, 768 S.W.2d 403, 409 (Tex.App.–Fort Worth 1989, writ denied). Lawrence's first four issues are overruled.

Issue Five - Equal Protection of the Law

In support of her issue contending that she has been denied equal protection of the law, Lawrence's brief states merely that the refusal of the district court and her opponents to obey this court's mandate following issuance of our 1995 opinion "can be nothing more than denial of due process and equal protection of the law." The argument is a reiteration in different words of Lawrence's contentions under her first four issues, and presents nothing additional for our review. Further, to any degree that Lawrence attempts to raise an argument that her rights under the Fourteenth Amendment have been compromised, she does not support the contention with citation to authority or the record, or with substantive discussion.[4] We overrule the issue.

---

[4] The Texas Rules of Appellate Procedure apply with equal force to pro se litigants and licensed attorneys. *Greenstreet v. Heiskell*, 940 S.W.2d 831, 834 (Tex.App.–Amarillo 1997, no writ). Those rules require an appellant's brief to contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record. Tex. R. App. P. 38.1(h). Appellate issues are waived when an appellant's brief contains no citation to authority or substantive discussion of how the trial court erred. *Knie v. Piskun*, 23 S.W.3d 455, 460 (Tex.App.–Amarillo 2000, pet. denied).

## Issue Six - Conspiracy

Lawrence alleges that the district judge and appellees' counsel "had secretly conspired and in collusion with each other had decided on the outcome of the [h]earing prior to the time of the [h]earing." Lawrence's complaint concerns events occurring at the hearing preceding the court's August 19, 2004 decree ordering partition, so it is not properly raised in this appeal from the February 7, 2005 decree. *Campbell*, 3 S.W.3d at 259. Because of the nature of her allegation, though, we will address it. In support of her contention, Lawrence refers us to a discussion between counsel and the trial court at the conclusion of the August 19 hearing. The reporter's record indicates that when the court asked counsel for appellees to submit an order, counsel answered that he had an order. The court responded, "That includes the names of commissioners, does it not?" Lawrence argues that the discussion shows the court "knew what was contained in" the order. From that, she infers that the hearing's outcome was predetermined. The argument is misguided. It is common practice for lawyers to bring proposed orders to hearings. The experienced trial judge would be aware the order would appoint commissioners. The court's question does not suggest he had seen that particular order in advance, and certainly does not justify an inference the judge had engaged in ex parte communications with appellees' counsel.[5] Lawrence's sixth issue is meritless, and is overruled.

---

[5] In fact, if anything the dialogue suggests the contrary. In response to the court's question, counsel stated that the order "includes blanks for the commissioners to be placed." Obviously, if the court had seen the order, he would be aware of the blanks and would not have asked the question.

Issue Seven - Findings of Fact and Conclusions of Law

Through her seventh issue Lawrence complains that the trial court replied to her notice of past due findings of fact and conclusions of law "by simply resending" the court's original decree ordering partition and appointing commissioners. The record does not support Lawrence's assertion. The record contains distinct findings of fact and conclusions of law, signed by the trial court on September 29 and filed with the clerk on October 4, 2004.

Lawrence also complains that the trial court did not respond to her request for additional findings and conclusions. The record reflects that the request did not present "specified additional or amended findings or conclusions" as required by Rule of Civil Procedure 298, but consisted primarily of a list of questions addressed to the court. Even if the request were deemed proper, the failure to file additional findings or conclusions did not prevent the presentation of this appeal and no error is shown. *Tamez v. Tamez*, 822 S.W.2d 688, 693 (Tex.App.–Corpus Christi 1991, writ denied). We overrule Lawrence's seventh issue.

Appellees' Request for Damages

Appellees contend Lawrence's appeal is frivolous, and request that we award them damages pursuant to Rule of Appellate Procedure 45. They point out Lawrence's issues involving this court's 1995 and 1998 opinions were resolved long ago. At this time, we deny appellee's request for damages.

Having overruled appellant's issues, we affirm the trial court's judgment.


James T. Campbell
Justice