

# IN THE
# TENTH COURT OF APPEALS

No. 10-07-00372-CV

**SUSAN HARRINGTON AND KATHLEEN KILGORE,**

          **Appellants**

 **v.**

**MAGELLAN PIPELINE COMPANY, LP,**

          **Appellee**

---

**From the 13th District Court
Navarro County, Texas
Trial Court No. 07-16699-CV**

---

## MEMORANDUM OPINION

---

Susan Harrington and Kathleen Kilgore each own an undivided 4% interest in a 100-acre tract of land. Through a series of easements, Magellan Pipeline Company, L.P. and/or its predecessors installed pipelines on the land. Contesting the validity of certain easements, Harrington and Kilgore sued Magellan, alleging that installation of the pipelines constitutes trespass. Magellan, which owns a tank farm on an adjoining tract, purchased the remaining 92% interest in the 100-acre tract and counterclaimed for partition. The trial court entered a final judgment partitioning the land and severing

the partition and trespass claims.  Raising eight issues, Harrington and Kilgore appeal. We affirm.

## JURISDICTION

A judicial partition involves two appealable orders.  *Griffin v. Wolfe,* 610 S.W.2d 466, 466 (Tex. 1980) (per curiam); *Campbell v. Tufts*, 3 S.W.3d 256, 258 (Tex. App.—Waco 1999, no pet.).  In its first order, the trial court: (1) determines each party's share or interest in the land sought to be divided, and all questions of law and equity affecting title; (2) decides whether the property is "susceptible to partition;" and (3) appoints commissioners to partition the property "in accordance with the [parties'] respective shares or interests."  TEX. R. CIV. P. 760, 761; *Campbell,* 3 S.W.3d at 258-259; *Yturria v. Kimbro,* 921 S.W.2d 338, 342 (Tex. App.—Corpus Christi 1996, no writ).  Before entering this order, the trial court may adjust all equities between the parties and applies the rules of equity in determining the broad question of how property is to be partitioned. *Campbell,* 3 S.W.3d at 259.  Thus, proof is made to the factfinder at trial of the existence and value of improvements to the property at the time of partition and of other equitable considerations which may warrant awarding a particular portion of the property to one of the parties.  *Id*.  Based on the factfinder's findings, the trial court appoints commissioners to make the actual division of the property and instructs them to take these matters into account in making the partition.  *Id.*  By this first order "the merits of the case are certainly determined and the rights of the parties concluded; nor should such decree be controlled or revised unless upon appeal or writ of error."  *Id*.

In its second order, the court approves the commissioners' report and partitions the property, or if it finds the report "to be erroneous in any material respect, or unequal and unjust," the court rejects the report and appoints other commissioners to partition the land. TEX. R. CIV. P. 771; *Campbell*, 3 S.W.3d at 259. The only question which could properly arise on the report of the commissioners would be as to the conformity of the division with the rules settled by the decree, and as such would arise upon the acts of the commissioners. *Campbell*, 3 S.W.3d at 259. Matters decided in the first hearing cannot be challenged in an appeal from the trial court's second order adopting the commissioners' report and partitioning the property. *Id.*

In light of these considerations, we must first determine which of Harrington's and Kilgore's eight issues are properly before us in this appeal from the trial court's second order. Harrington and Kilgore raise the following issues: (1) the trial court violated due process by entering its order for partition without awaiting the filing of their letter brief;[1] (2) their due process rights were violated when the clerk failed to send timely notice of the commissioners' report; (3) the evidence is legally and factually insufficient to support the trial court's finding that "Small, regular tracts of land, such as the tracts awarded to Kilgore and Harrington by the commissioners, would likely have a higher per acre value than larger tracts of property, such as the tract awarded to

---

[1] Before entering its order for partition, the trial court conducted a hearing, during which the parties presented opening arguments, testimony, and documentary evidence. No closing arguments were heard. The trial court authorized the parties to file letters briefs within a time period to be decided by the parties. Magellan filed a letter brief and informed the trial court that it anticipated the filing of a responsive brief within approximately two weeks. Five days later, the trial court entered an order for partition. Harrington and Kilgore filed a letter brief after this order was entered.

Magellan by the commissioners, or property burdened by pipeline easements;"[2] (4) the trial court erred by failing to account for their interests in the pipelines and instruct the commissioners to award tracts containing a portion of the pipeline equivalent to their respective interests; (5) the trial court erroneously found that it considered all the equities; (6) the commissioners' report is defective, having omitted the estimated value of each tract; (7) the trial court erred by failing to require Magellan to account for rents and profits; and (8) the trial court abused its discretion by granting a severance.

Issues one, three, four, five, and seven concern "matters decided in the first hearing." *Campbell*, 3 S.W.3d at 258-59; *see Snow v. Donelson*, 242 S.W.3d 570, 571, 573 (Tex. App.—Waco 2007, no pet.) (declining to consider whether property division was unjust); *see also Spigener v. Wallis*, 80 S.W.3d 174, 178-79 (Tex. App.—Waco 2002, no pet.) (declining to consider whether trial court entered an erroneous determination of ownership or failed to account for cross-claims for back rent and maintenance expenses); *Martin v. Dosohs I*, 951 S.W.2d 821, 824 (Tex. App.—San Antonio 1997, no pet.) (declining to consider whether trial court awarded Dosohs a larger tract than it was entitled to). Because these complaints challenge matters decided in the first hearing from which Harrington and Kilgore did not appeal, we have no jurisdiction to address them now. *See Spigener*, 80 S.W.3d at 179; *see also Snow*, 242 S.W.3d at 571, 573.

---

[2]    Upon request by Harrington and Kilgore, the trial court entered findings of fact and conclusions of law.

**UNTIMELY NOTICE OF COMMISSIONERS' FINDINGS**

In issue two, Harrington and Kilgore contend that their due process rights were violated when the clerk mailed notice of the commissioners' report after the time for filing objections had expired. The commissioners entered findings on August 17, 2007. The clerk mailed notice of these findings on September 18.

Rule of Civil Procedure 769 requires the clerk to "immediately mail written notice of the filing of the [commissioners'] report to all parties." TEX. R. CIV. P. 769. Either party to the suit may file objections to any report of the commissioners in partition within thirty days of the date the report is filed. TEX. R. CIV. P. 771.

It is undisputed that the clerk failed to immediately mail notice of the commissioners' report. Such failure deprived Harrington and Kilgore of the ability to file timely objections to the report in accordance with Rule 771. *See Green v. Marek*, No. 03-01-00502-CV, 2002 Tex. App. LEXIS 2875, at *2-4 (Tex. App.—Austin April 25, 2002, no pet.) (not designated for publication) (Green's due process rights were violated when he was not given notice of the filing of the commissioners' report and was not given thirty days to file objections to the report).

However, when objections are untimely filed, "Rule 5(b) authorizes the trial court 'upon motion' to permit the late filing, if the movant shows good cause for the failure to act." *Woods v. Woods*, 193 S.W.3d 720, 722-23 (Tex. App.—Beaumont 2006, pet. denied). At no time did Harrington and Kilgore raise a due process argument before the trial court, file any kind of motion explaining why their objections were late, or otherwise move to establish good cause. Accordingly, this issue is not preserved for

appellate review.  *See* TEX. R. APP. P. 33.1; *see also In the Interest of L.M.I.*, 119 S.W.3d 707, 710-11 (Tex. 2003); *Kaufman v. Comm'n for Lawyer Discipline*, 197 S.W.3d 867, 875 (Tex. App.—Corpus Christi 2006, pet. denied).

## DEFECTIVE COMMISSIONERS' REPORT

The sixth of Harrington's and Kilgore's issues address the failure of the commissioners' report to list the estimated value of the partitioned tracts of land.  *See Snow*, 242 S.W.3d at 572 ("The only question which could properly arise on the report of the commissioners would be as to the conformity of the division with the rules settled by the decree, and as such would arise upon the acts of the commissioners.").  The record does not indicate that Harrington and Kilgore ever raised this issue in the trial court.  Although they objected that the commissioners allocated "less valuable property to the Plaintiffs by allocating to them portions of the Property with no pipeline activity," they did not object to omission of the estimated value of each share.  *See Positive Feed v. Wendt*, No. 01-96-00614-CV, 1998 Tex. App. LEXIS 774, at *4, 15-16 (Tex. App.—Houston [1st Dist.] Feb. 5, 1999, pet. denied) (not designated for publication) (party objected that commissioners' failure to "list[] a value for the portions awarded made it unclear whether each party actually received its interest in the property;" omission was subject to a harmless error analysis).  Harrington and Kilgore have failed to preserve their sixth issue for appellate review.  *See* TEX. R. APP. P. 33.1.

## SEVERANCE

In their eighth issue, Harrington and Kilgore challenge the trial court's decision to grant a severance of the partition and trespass claims.  However, because Harrington

and Kilgore failed to object to the severance in the trial court, this issue is not preserved for appellate review. *See Mulvey v. Mobil Producing Tex. & N.M., Inc.*, 147 S.W.3d 594, 608-09 (Tex. App.—Corpus Christi 2004, pet. denied); *see also Dixon Fin. Servs. v. Greenberg, Peden, Siegmyer & Oshman, P.C.*, No. 01-06-00696-CV, 2008 Tex. App. LEXIS 2064, at *35 (Tex. App.—Houston [1st Dist.] Mar. 20, 2008, pet. denied) (mem. op.); *Guerra v. Texas Dep't of Protective & Regulatory Servs.*, 940 S.W.2d 295, 299 (Tex. App.—San Antonio 1997, no pet.).

The trial court's judgment is affirmed.


FELIPE REYNA
Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
Affirmed
Opinion delivered and filed April 29, 2009
[CV06]