In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00083-CV

                                                ______________________________

 

 

                                     WILLIAM T. MALONE,
Appellant

 

                                                                V.

 

                                    WILMA JANE MALONE, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 62nd
Judicial District Court

                                                             Lamar County, Texas

                                                            Trial
Court No. 77476

 

                                                           
                                       

 

 

 

                                       Before Morriss, C.J., Moseley
and Cornelius, *JJ.

                                        Memorandum Opinion by Chief Justice Morriss

 

_________________________________

*William J. Cornelius,
Retired Chief Justice, Sitting by Assignment

 

 

 








                                                      MEMORANDUM OPINION

 

            In her real
estate partition action against William T. Malone, Wilma Jane Malone sought to
receive, in kind, her one-half undivided interest in 241.475 acres[1]
of land in Lamar County.  After the
parties followed a procedure not conforming with applicable rules, but not
objected to by either party, the trial court awarded William the eastern
120.737 acres by a lake and awarded Wilma the western 120.738 acres adjoining a
county road.  William was also awarded an
easement across Wilma’s tract, allowing his tract access west to the county
road.  William appeals.

We affirm the judgment of the trial court
because (1) sufficient evidence supports the judgment, (2) the challenged
procedural errors were waived and harmless, (3) no error in admitting the
commissioners’ report was preserved, and (4) denying William a second
continuance was within the trial court’s discretion.

(1)        Sufficient Evidence
Supports the Judgment

 

In urging that
the evidence is legally and factually insufficient to support the judgment of
the trial court, William claims in part that the lack of a proper and properly
admitted commissioners’ report in the record is fatal.  Although the record contains no order
appointing commissioners, apparently such appointment had been made and a
report submitted to the trial court.  The
first words spoken by the trial court were, “My understanding is we have a
report from the commissioners.” 
Unfortunately, however, at that time, the commissioners’ report was not
filed, and no objections were lodged against it.

            Nevertheless,
at that hearing, the trial court heard evidence from surveyor Pat Murphy, who
was hired by William.  Tract one, the
120.737 acre tract, was labeled the “east side” of the property.  It was bordered on the east by a lake and on
the west by tracts two through four (the “west side”).  Because tract one, which William wanted, was
landlocked and did not have access to the county road as did the west side,
Murphy testified that dividing the property’s acreage in half would not yield
equal value.  Murphy opined that, even
with an access easement, the east side would need an additional eighteen acres
from the west side to become equivalent in value.  

            After
hearing the evidence, the trial court found that the property could be divided
in kind, awarded the west side to Wilma and the east side to William, and
granted William an undefined access easement over the west side property.  Because the court did not specify which of
the three tracts on the west side would be subject to the access easement, the
trial court held another hearing December 16, 2009.  At that hearing, William’s attorney
represented to the court that “the judgment, basically, is fine,” but asked
that a surveyor draw out an easement and that it be included in the final
decree.  

            After
the surveyor had completed the follow-up work, on April 23, 2010, Wilma filed a
motion for judgment, attaching a draft partition decree to her motion.  The trial court set Wilma’s motion for an
April 30, 2010, hearing.  William’s
counsel appeared at that hearing, announced “not ready” because William was
still in the hospital, and then told the court, “We have no objection to the
entry of judgment.”  It was at this point
that the evidence was re-opened and the commissioners’ report was introduced as
an exhibit.[2]  

            The report
was not in compliance with the Texas Rules of Civil Procedure.  The report, drafted October 5, 2009, was
unsworn, did not list the estimated value of each share, and did not include
descriptions of the division of property.[3]  In its entirety, the report stated:

As
per your request, the undersigned have personally reviewed the land owned by
the Charles Malone family and have determined that the division of the land
Wendell Moore established, in his survey, is fair and equitable.  We are of the opinion that one-half of this
land would bring the same money as the other one-half.  We have taken into consideration the county
road frontage, the lack of easements, and the soil types in coming to this
conclusion.  

 

On April 30, 2010, the trial court entered the decree
ordering partition in accordance with its November 5, 2009, pronouncement and
specified William’s access easement would be across tract two. 

            The trial court
responded to William’s subsequent request for findings of fact and conclusions
of law.  Hoping to succeed on his claim
that the commissioners’ report should have been excluded from the court’s
consideration, William challenged the legal and factual sufficiency of the
evidence supporting the court’s finding that “each half of the property as
divided in kind per the commissioner[s’] report is equal.”  

The findings of fact entered in this case
“are of the same force and dignity as a jury's answers to jury questions.”  Lambright
v. Trahan, 322 S.W.3d 424, 430 (Tex. App.—Texarkana 2010, pet. filed)
(citing Anderson v. City of Seven Points,
806 S.W.2d 791, 794 (Tex. 1991)).  We
review the findings of fact by the same standards that are applied in reviewing
the legal or factual sufficiency of the evidence supporting a jury's answer to
a jury question.  Id. (citing Ortiz v. Jones,
917 S.W.2d 770, 772 (Tex. 1996)). 
Conclusions of law are reviewed de novo. 
State v. Heal, 917 S.W.2d 6, 9
(Tex. 1996).

Evidence is legally sufficient if it “would
enable reasonable and fair-minded people to reach the verdict under review.”  Lambright,
322 S.W.3d at 430 (citing City of Keller
v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005)).  We credit evidence favorable to the finding of
the court if a reasonable judge acting as a fact-finder could, and will
disregard contrary evidence unless a reasonable judge could not.  Id.  As long as the evidence falls within the zone
of reasonable disagreement, we will not substitute our judgment for the
judgment of the trial court.  Id.  In
this case, the trial court is the sole judge of the credibility of the
witnesses and weight given to their testimony.  Id.
(citing Wilson, 168 S.W.3d at 819).

            When
considering a factual-sufficiency challenge, we consider and weigh all of the
evidence, not just that evidence which supports the trial court's judgment.  Id.  We will set aside the judgment only if it is
so contrary to the overwhelming weight of the evidence that it is clearly wrong
and unjust.  Id. (citing Mar. Overseas
Corp. v. Ellis, 971 S.W.2d 402, 406–07 (Tex. 1998)).  Because we are not a fact-finder, we will not
pass on the witnesses' credibility or substitute our judgment, even if the
evidence would clearly support a different result.  Id.
at 407.

            In this
phase of the partition proceeding, the question that must be answered is
whether the commissioners’ report is materially erroneous or provided unequal
shares, i.e., whether the commissioners fairly and adequately divided the
property.  See Ellis v. First City Nat’l Bank, 864 S.W.2d 555, 557 (Tex.
App.—Tyler 1993, no writ); see also Wallace v. Wallace, No. 96-0165-CV,
1997 WL 57248, at *2 (Tex. App.—Amarillo Feb. 12, 1997, no writ) (not
designated for publication).  This
question, which William had the burden to prove, is one of fact.  Ellis,
864 S.W. 2d at 557.  In this case, because
the trial court is the sole judge of the witnesses' credibility and the weight
to be given their testimony, including expert testimony, where the evidence is
conflicting, the general rule is that the resolution of that question by the
fact-finder will not be set aside.  Wallace, 1997 WL 57248, at *2 (citing Leyva v. Pacheco, 163 Tex. 638, 358
S.W.2d 547, 549 (1962)).

            To
try to meet his burden, William presented the trial court with testimony from
Murphy, who believed the east side would need to include eighteen more acres of
land than the west side to be of equal value. 
No other evidence suggesting that the commissioners’ report was unfair
or unjust was presented.[4]  The court, as finder of fact, could believe
that Murphy’s testimony did not establish that the commissioners’ report was
materially erroneous or unequal.  Thus,
the court was free to adopt the commissioners’ report instead of appointing new
commissioners to the case.  Snow
v. Donelson, 242 S.W.3d 570, 572 (Tex. App.—Waco 2007, no pet.); Campbell v. Tufts, 3 S.W.3d 256, 259
(Tex. App.—Waco 1999, no pet.); Ellis,
864 S.W.2d at 557.

            The
evidence was legally and factually sufficient.

 

(2)        The Challenged Procedural Errors Were Waived
and Harmless

 

            William
complains on appeal that the trial court generally failed to comply with Rules
761–69 of the Texas Rules of Civil Procedure. 
Because the commissioners’ report was never filed, and the clerk never
sent notice of the report, William claims he missed his opportunity to object
to it, which would require the court to consider whether it was erroneous in
any material respect, or unequal and unjust. 
Because William was not afforded the contemplated opportunity to contest
the commissioners’ report, he believes the trial court erred in relying on it.  He also argues that the report should not
have been considered because it did not comply with the Texas Rules of Civil Procedure.

            Citing cases
reversing judgments for failure to appoint commissioners in partition actions, William
complains of:  (1) the lack of an order
appointing the commissioners as required by Rule 761; (2) failure to issue a writ
of partition pursuant to Rule 762, designed to give notice to commissioners of
their appointment; (3) failure to serve the writ of partition as required by
Rule 763; and (4) failure to obtain return of the writ pursuant to Rule 765. 

            Our analysis
leads us to conclude that these deficiencies were both waived and harmless.

 

 

 

            A normal
judicial partition involves a two-step process.[5]
 Snow,
242 S.W.3d at 572; Woodland v. Wisdom,
975 S.W.2d 712, 714 (Tex. App.—Texarkana 1998, no pet.).  In the first phase, yielding a separate
appealable order, the trial court determines “the share or interest of each of
the joint owners or claimants, and all questions of law or equity affecting the
title to such land”; decides whether the property is susceptible to partition;
and appoints three commissioners to partition the property “in accordance with
the respective shares or interests of each of such parties entitled
thereto.”  Snow, 242 S.W.3d at 572; see Tex. R. Civ. P. 760, 761.  Because the court applies rules of equity in
determining how the property is to be divided, any proof or considerations
which may warrant awarding a particular portion of the property to one of the
parties must be made to the fact-finder at this time.  Snow,
242 S.W.3d at 572.

            Next, the
appointed commissioners make the actual division of property in accordance with
the court’s decree.  Id.  Action during the second
phase of the suit begins when the commissioners file a written report under
oath describing, inter alia, the
property division, number of shares and the land which constitutes each share,
and the estimated value of each share.  Tex. R. Civ. P. 769.   When the commissioners’ report is filed, the
“clerk shall immediately mail written notice of the filing of the report to all
parties.”  Id.  “Either party to the
suit may file objections to any report of the commissioners in partition within
thirty days of the date the report is filed, and in such a case a trial of the
issues thereon shall be had.”  Tex. R. Civ. P. 771.  In the second partition decree, the trial
court either approves the commissioners’ report and partitions the property, or
rejects the report and appoints new commissioners to partition the land if it
finds the existing report “to be erroneous in any material respect, or unequal
and unjust.”  Id.; Snow, 242 S.W.3d at
572.  Untimely challenges to the
commissioners’ conformity with the Texas Rules of Civil Procedure are
waived.  Snow, 242 S.W.3d at 573.

            First, we
hold that the challenged procedural defects were waived.

 

            We find
nothing in the record demonstrating that William made any specific objection
regarding these matters or otherwise apprised the trial court of any concerns
about them he might have had at trial. 
In fact, the record reflects that William’s counsel told the trial court
that there was no objection to the entry of judgment.  We also note that William’s appellate brief
states that the “court and parties all agreed to the appointment” of
commissioners.

To preserve an error for review on appeal,
the record must show (1) that the complaint was made to the trial court by a
timely request, objection, or motion that stated the grounds for the complaint
with sufficient specificity to make the trial court aware of the complaint and
(2) that the trial court expressly or implicitly ruled on the request,
objection, or motion.  Tex. R. App. P. 33.1(a)(1), (2); see City of Fort Worth v. Zimlich, 29
S.W.3d 62, 73 (Tex. 2000).  For example, Rule
771 of the Texas Rules of Civil Procedure provides that a party in a real
estate partition action may object to the commissioners' report, but a
complaint cannot be made about the report on appeal if it is not made by
objection to the trial court.  Bierschwale v. Bode, 755 S.W.2d 562,
564–65 (Tex. App.—San Antonio 1988, no writ). 
None of these errors were preserved for our review.

            We also
believe these problems were harmless.

 

            We may not
reverse a trial court’s judgment unless the error complained of “probably
caused the rendition of an improper judgment; or probably prevented [William]
from presenting the case to the court of appeals.”  Tex. R. App. P. 44.1.  The harmless error rule applies to all
errors, even those involving the violation of procedural rules couched in
mandatory language.  Lone Star Steel v. Scott, 759 S.W.2d 144, 147 (Tex. App.—Texarkana
1988, writ denied).  Although the trial
court did not follow procedure, it is also clear that the commissioners were
somehow notified of their appointment. 
William fails to establish any harm occurring from failure to follow
Rules 761–63 and 765.

            William
attempts to show how the lack of the proper two-tiered partition structure
compromised the commissioners’ actions. 
Rule 766 required the commissioners to proceed to “partition the real
estate described in the decree of the court in accordance with the directions
contained in such decree . . . .”  Tex. R. Civ. P. 766.  Here, the trial court did not issue
any such decree determining the respective shares of the parties after a
balance of the equities, taking into account any improvements on the land as
required by Rule 760.  Campbell, 3 S.W.3d at 259 (proof is made
to fact-finder of existence and value of improvements to property at time of
partition and of other equitable considerations which may warrant awarding
particular portion of property to one of parties).  William argues the commissioners divided the
property in half instead of assessing the monetary value of each tract and
giving each party one-half of the value of the property.  He points to the lack of assessment of value
of each parcel of land as required by Rule 769. 
Again, though it is clear that proper procedure was not followed, the
commissioners reported “half of this land would bring in the same amount of
money as the other half.”  Thus, harm is
not shown, especially considering William’s counsel’s statement that there was
no objection to the entry of judgment.

(3)        No Error in Admitting the Commissioners’
Report Was Preserved

 

            Among other
complaints, William alleges that the commissioners’ report was unsworn hearsay
that should not have been considered as evidence.[6]

            Yet, the
trial court may adopt the report of the commissioners unless there is an
objection to the report.  A hearing is
not held until such objection is made.  Hershey v. Duncan, Nos. 13-01-688-CV,
13-02-673-CV, 2004 WL 2471679, at *3 (Tex. App.—Corpus Christi Nov. 4, 2004,
pet. denied) (not designated for publication) (citing Redden v. Hickey, 308 S.W.2d 225, 229 (Tex. Civ. App.—Waco 1957,
writ ref’d n.r.e.)).  In holding such a
hearing in this case, the trial court apparently entertained objections to the
commissioners’ report.  Unless first
timely presented to the trial court with sufficient specificity, we may not
consider new complaints on appeal.  Tex. R. App. P.
33.1.  We find that counsel had an
opportunity to present any objection to the trial court at the November 5,
2009, hearing, and that complaints concerning the commissioners’ report should
have been presented at that time.  Because
no objection was presented, we overrule William’s contention.[7]

(4)        Denying William a Second
Continuance Was Within the Trial Court’s Discretion

 

            The trial
court originally set the case for an August 18, 2009, trial.  Due to medical problems resulting in
William’s hospitalization, the court granted him a first continuance and reset
the matter to be heard November 5, 2009. 
On the day of the reset hearing, counsel filed a second motion for
continuance because William was in the hospital.  The court denied the motion over counsel’s
plea that William wanted to present evidence of improvements to the property.

            The
decision to grant or deny William’s motion for continuance was within the trial
court’s sound discretion.  In re A.D.A., 287 S.W.3d 382, 387 (Tex.
App.—Texarkana 2009, no pet.) (citing Villegas
v. Carter, 711 S.W.2d 624, 626 (Tex. 1986)).  The Texas Rules of Civil Procedure state that
a continuance shall not be granted “except for sufficient cause supported by
affidavit, or by consent of the parties, or by operation of law.”  Tex. R.
Civ. P. 251.  Here, there is no
suggestion that Wilma agreed to the November 5, 2009, continuance or that any continuance
was required as matter of law.  On
appeal, William complains that the trial court should have granted the second
motion for continuance because he was the only witness who “had knowledge as to
why the fence on the property gave him more land, and what he did to improve
the value.”  Rule 252 of the Texas Rule
of Civil Procedure requires:

If
the ground of such application [for continuance] be the want of testimony, the
party applying therefore, shall make affidavit that such testimony is material,
showing the materiality thereof, and that he has used due diligence to procure
such testimony, stating such diligence, and the cause of failure, if known;
[and] that such testimony cannot be procured from any other source . . . .

 

Tex.
R. Civ. P. 252.

 

            Thus,
“[m]ere absence of a party does not automatically entitle him to a
continuance.”  Ngo v. Ngo, 133 S.W.3d 688, 693 (Tex. App.—Corpus Christi 2003, no
pet.); Jones v. John’s Cmty. Hosp.,
624 S.W.2d 330, 332 (Tex. App.—Waco 1981, no writ) (citing Brown v. Brown, 599 S.W.2d 135, 137 (Tex. App.—Corpus Christi 1980,
no writ) (denying motion for continuance where party was in hospital)).  Where there is a complete lack of diligence,
a trial court is not required to grant a continuance.  Ngo,
133 S.W.3d at 693.  William’s verified
motion stated only that he was experiencing health problems and would not be able to attend the trial.  At the hearing, William’s counsel merely
stated, “My client is in the hospital.” 
Before the trial court denied the continuance, there was no argument
made to the court that William’s presence was required because his testimony
would be material, and no showing of diligence. 
Therefore, we find the trial court acted within its sound discretion in
denying the second motion for continuance filed on the day of trial.

 

 

 

 

 

 

 

            We affirm the trial court’s
judgment.

 

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          December
23, 2010     

Date Decided:             January
7, 2011

 











[1]The
real estate was composed of four tracts of land, tract one containing 120.737
acres and tracts two through four containing 40.246 acres each.  





[2]After
the exhibit was admitted, William’s counsel stated without further specificity,
“Just for the record, note our objection, Your Honor.”  William argues that the trial court erred in
re-opening the evidence after both parties had rested and closed.  William did not present this argument to the
trial court in his motion for new trial or otherwise.  Therefore, it was not preserved, and we
decline to review it.  Tex. R. App. P.
33.1.

 





[3]The
report itself contained no description of the property, but referred to a
survey conducted by Wendell Moore dividing the property into four tracts.  





[4]Although
William’s son testified at trial, he could not determine the value of either
piece of land, and did not contribute to the question the trial court was
required to answer.  





[5]“Since
the normal two-step partition process yields two appealable orders, Texas
courts have uniformly held that matters decided in the first hearing cannot be
challenged in an appeal from the trial court’s second order adopting the
commissioners’ report and partitioning the property.”  Snow,
242 S.W.3d at 572 (citing Campbell, 3
S.W.3d at 259).  As explained herein, the
trial court issued only one final appealable order in this case.  That fact has been confirmed by the Lamar
County District Clerk.  Because the
two-step partition procedure was not followed, we find that we have
jurisdiction to address all of William’s complaints.





[6]Wilma
points out that Rule 771 requires that any objection to the commissioners’
report be made within thirty days of the date the report is filed, or it is
waived.  Tex. R. Civ. P. 771; Snow,
242 S.W.3d at 573.  Because the report
was never filed, we decline to employ Rule 771 in this instance.





[7]Even
had there been a proper presentation to the trial court of the many objections
to the commissioners’ report within William’s brief, again, William would be
required to demonstrate harm while seeking to overcome his counsel’s statements
to the trial court that there was no objection to the entry of judgment.