Opinion issued July 21, 2015



In The

# Court of Appeals

For The

# First District of Texas

―――――――――――――

## NO. 01-14-00735-CV

―――――――――――――

**STACY J. WILLIAMS, Appellant**

**V.**

**T. NICHOLE MAI, Appellee**

**On Appeal from the 506th District Court**
**Waller County, Texas**
**Trial Court Cause No. 08-05-19379**

# O P I N I O N

Appellant, Stacy J. Williams, appeals the trial court's judgment that partitioned real property owned by Williams and appellee, T. Nichole Mai. Williams argues that the trial court violated her due process rights when it

partitioned real property without a hearing and without the commissioners' report in contravention of Texas Rules of Civil Procedure 769 and 771.

We reverse and remand.

## Background

This is the second appeal in this case. In the first appeal, we affirmed the trial court's judgment which determined, among other things, that Williams and Mai, as unmarried tenants in common, owned 72 percent and 28 percent, respectively, of 54 acres of real property in Waller County. *See Williams v. Mai*, No. 01–11–00611–CV, 2012 WL 6644704 (Tex. App.—Houston [1st Dist.] Dec. 20, 2012, no pet.) (mem. op.).

On remand, the trial court held a status hearing at which Mai's counsel recommended employing a surveyor to determine how to partition the tract. The trial court gave the parties 45 days to agree to the boundaries of the partitioned tracts with the assistance of the original surveyor. On May 5, 2013, a writ of partition issued, instructing the sheriff to notify the commissioners that they had been appointed commissioners and that they were to partition the tract.

On October 3, 2013, Mai filed her objection to the commissioners' preliminary replat[1] of the real property. Mai noted that although neither the commissioners' report nor the replat had been filed with the trial court, she was

---

[1] The commissioners' preliminary replat is not a part of the appellate record.

asserting her objections "to the preliminary replat in hopes that an adjustment could be made prior to a formal report or replat being filed with the Court." Mai contended that the proposed configuration limited the usable land area and created an unfair and unjust partition because the useable land area that was to be awarded to her was significantly less than 28% of the total lot.

Two months later, the trial court held a second status conference. The parties agreed to have the surveyor move certain boundary lines and then reconvene to review the revised survey and try to reach an agreement.

On May 13, 2014, Mai filed a Motion for Report of Commissioners and Surveyor. Mai's counsel noted that only the preliminary partition had been filed and that the commissioners' report had not yet been filed with the trial court. Mai informed the trial court that the parties could proceed once the commissioners' report was filed and the procedures in Texas Rules of Civil Procedure 769 and 771 had been observed.

On June 3, 2014, twenty-one days after Mai filed her motion, the trial court issued a Decree Confirming Commissioner's Report. The decree states that the commissioners' report was filed on August 13, 2013 and modified by agreement of the parties. The Court concluded that the partition was "fair and lawful in all respects" and approved and confirmed the decree.

Williams moved for new trial, pointing out that the decree erroneously stated that the commissioners' report had been filed on August 13, 2013 because no report had been filed with the trial court. Williams argued, among other things, that by confirming a "non-existent 'commissioners' report," the "Court deprived [her] of her right to object to a commissioners' report and proceed to trial on the issues raised by her objections, and therefore denied [her] of her rights to due process under T.R.C.P. 769 and under the Fifth and Fourteenth Amendments of the Unites States Constitution, and under corollary provisions of the Texas Constitution." Williams' motion for new trial was overruled by operation of law.

## Discussion

In her sole issue, Williams argues that the trial court abused its discretion by rendering final judgment of partition without notice to the parties, without trial, and in the absence of a commissioners' report. Mai did not file an appellee's brief, but agreed in her Verified Motion to Reverse Judgment and Remand and Request for Expedited Consideration that the final judgment should be reversed.

### A.   Applicable Law

A judicial partition involves two appealable orders. *Griffin v. Wolfe*, 610 S.W.2d 466, 466 (Tex. 1980) (per curiam); *Campbell v. Tufts*, 3 S.W.3d 256, 258 (Tex. App.—Waco 1999, no pet.). In its first order, the trial court: (1) determines each party's share or interest in the land sought to be divided, and all questions of

law and equity affecting title; (2) decides whether the property is "susceptible to partition;" and (3) appoints commissioners to partition the property "in accordance with the [parties'] respective shares or interests." TEX. R. CIV. P. 760, 761; *Campbell*, 3 S.W.3d at 258–59; *Yturria v. Kimbro*, 921 S.W.2d 338, 342 (Tex. App.—Corpus Christi 1996, no writ).

In its second order, the court approves the commissioners' report and partitions the property, or if it finds the report "to be erroneous in any material respect, or unequal and unjust," the court rejects the report and appoints other commissioners to partition the land. TEX. R. CIV. P. 771; *Campbell*, 3 S.W.3d at 259. The only question which could properly arise on the commissioners' report is whether the proposed partition conforms with the rules settled by the decree, and as such would arise upon the commissioners' acts. *Campbell*, 3 S.W.3d at 259.

Texas Rule of Civil Procedure 769 sets forth not only the substance that must be included in the commissioners' report but also the procedure by which the commissioners and clerk must abide:

> When the commissioners have completed the partition, they shall report the same in writing and under oath to the court, which report shall show:
>
> > (a)    The property divided, describing the same.
> >
> > (b)    The several tracts or parcels into which the same was divided by them, describing each particularly.

5

(c)     The number of shares and the land which constitutes each share, and the estimated value of each share.

(d)     The allotment of each share.

(e)     The report shall be accompanied by such field notes and maps as may be necessary to make the same intelligible.

The clerk shall immediately mail written notice of the filing of the report to all parties.

TEX. R. CIV. P. 769.

Texas Rule of Civil Procedure 771 sets forth the procedures and timelines for objections and states that a trial on any objections is mandatory:

Either party to the suit may file objections to any report of the commissioners in partition within thirty days of the date the report is filed, and in such case a trial of the issues thereon shall be had as in other cases. If the report be found to be erroneous in any material respect, or unequal and unjust, the same shall be rejected, and other commissioners shall be appointed by the Court, and the same proceedings had as in the first instance.

TEX. R. CIV. P. 771.

## A.     Analysis

Here, the trial court issued a writ of partition on May 15, 2013, directing the sheriff to notify the commissioners that they had been appointed to partition the tract and that they were "authorized and required to proceed in accordance with the decree and with the Texas Rules of Civil Procedure to partition the real estate and to report the same in writing under oath, to the Court." On June 3, 2014, the trial

6

court entered its final decree confirming the commissioners' report, indicating that the report had been filed on August 13, 2013. But, consistent with Williams' contention that it was never filed, the commissioners' report appears nowhere in the record.

Because the commissioners' report was not filed in the trial court, Williams, who had objected to the preliminary replat before entry of judgment, was unable to object to the commissioners' report and have a trial of the issues as she is allowed to do under Rule 771. *See* TEX. R. CIV. P. 769, 771. The trial court abused its discretion in depriving Williams of the right to object and to have a trial on the contested issues in the report. *See Green v. Marek*, 03–01–00502–CV, 2002 WL 722164, at *2 (Tex. App.—Austin April 25, 2002, no pet.) (mem. op., not designated for publication) (holding that trial court violated procedural due process rights by failing to provide notice of filing of commissioners' report, thirty days to file objection to report, and notice of hearing); *see also Redden v. Hickey*, 308 S.W.2d 225, 229 (Tex. Civ. App.—Waco 1959, writ ref'd n.r.e.) ("This court is of the view that the effect of [Rule 771] is to give any party at interest in a partition suit, who is dissatisfied with the report of the commissioners appointed to divide the property, the right to file such objections and to demand a jury trial on the objections made.").

We sustain Williams' first issue.

**Conclusion**

We reverse the judgment of the trial court and remand for further proceedings.

Rebeca Huddle
Justice

Panel consists of Justices Keyes, Huddle, and Lloyd.