Opinion filed August 3, 2023



In The

# Eleventh Court of Appeals

_____

No. 11-22-00054-CV

_____

## JACY GATES, Appellant

## V.

## DENISE MCDONALD AND DIANA DOBBINS, Appellees

**On Appeal from the 42nd District Court**
**Coleman County, Texas**
**Trial Court Cause No. CV20-01034**

## O P I N I O N

This appeal arises from the second phase of the parties' partition proceedings.[1]

Appellant, Jacy Gates, filed objections to the report of the commissioners.

---

[1]Appellant also appealed the trial court's first partition decree. We considered the merits of Appellant's contentions in that appeal and have today affirmed the trial court's judgment. *See Gates v. McDonald*, No. 11-21-00190-CV (Tex. App.—Eastland Aug. 3, 2023, no pet. h.) (mem. op.).

Appellees, Denise McDonald and Diana Dobbins, filed a response to Appellant's objections wherein they asserted that his objections were untimely. The trial court entered a final judgment and partition decree wherein it found that Appellant's objections were untimely.

Appellant brings two issues on appeal. In his first issue, he contends that the trial court erred by proceeding and entering the final judgment and second partition decree given the timely filing of his objections and jury demand. In his second issue, Appellant contends that the trial court erred by not granting his motion for new trial. We reverse and remand.

*Background Facts*

Our opinion in Cause No. 11-21-00190-CV, released today, thoroughly recites the facts that concern the parties' underlying partition dispute. Therefore, this opinion only recites the facts that are pertinent to the issues that we must address in this appeal.

Appellees filed suit to partition in kind certain real property located in Coleman County that is jointly owned by them and Appellant. The trial court entered a decree of partition (the first partition decree) which (1) determined that the property was susceptible to partition in kind, (2) set out each party's interest in the property, and (3) appointed commissioners to partition the property pursuant to the trial court's decree.

Although Appellant appealed and challenged the first partition decree, the second phase of the partition case continued. Ultimately, the commissioners submitted a report recommending how the property should be partitioned. The primary issue in this case is whether Appellant's objections to the commissioners' report were timely filed.

Appellees' attorney electronically submitted the commissioners' report to the district clerk on the afternoon of September 22, 2021. However, the district clerk did not affix a file mark on the commissioners' report showing that it was filed on September 22. Instead, the clerk affixed a file mark that indicated that the commissioners' report was filed on September 23:

CV20-01034

Filed 9/23/2021 8:20 AM
Darlene Huddle-Boyd, District Clerk
Coleman County, Texas
Sandy Mayes

August 30, 2021

RE:    Cause No. CV20-01034  Decree of Partition

To Whom It May Concern:

As ordered by the presiding judge in the partition case between plaintiffs Denise McDonald and Diana Dobbins and defendant Jacy Gates, we as appointed commissioners, Michael Taylor, Josh Hale, and Bill Henning, have partitioned the subject property as follows:

Denise McDonald (37.5%)

> 21.60 ac out of B.B.B.&C. R.R. Co Survey 23, Abstract 72, Block 2 Subdivision of S.J.&C.D. Lewis Pasture  (See attached survey)

Diana Dobbins (37.5%)

> 16.6 ac out of B.B.B.&C. R.R. Co Survey 23, Abstract 72, Block 2 Subdivision of S.J.&C.D. Lewis Pasture  (See attached survey)

Jacy Gates (25%)

> 13.84 ac out of B.B.B.&C. R.R. Co Survey 23, Abstract 72, Block 2 Subdivision of S.J.&C.D. Lewis Pasture  (See attached survey)

If any other information or documentation is needed, please contact one of the commissioners.

The file date of September 23 remained undisturbed for the next several days, including through October 23, which was the thirtieth day after September 23, and through October 25, the date on which Appellant filed his objections to the report.[2]

Appellant asserted in his objections that (1) the commissioners' report was materially erroneous and/or unequally and unjustly partitioned the property and,

---

[2]October 23, 2021 was a Saturday.

3

alternatively, (2) the commissioners' report was untimely because he had filed an appeal (Cause No. 11-21-00190-CV referenced above) to challenge the first partition decree and was awaiting a ruling from our court in that appeal. Appellant sought a jury trial on his objections.

On November 3, 2021, Appellees filed their response to Appellant's objections, asserting that the commissioners' report was actually filed on September 22, because that is the date that Appellees' attorney electronically submitted the commissioners' report. Appellees requested the entry of a final decree of partition based upon their contention that Appellant's objections to the commissioners' report were untimely.

A hearing on Appellants' response was set for November 23, 2021. However, Appellant's attorney did not appear for the hearing. On November 23, the trial court entered its final judgment and partition decree wherein it determined that Appellant's objections were untimely. The trial court affirmed and adopted the commissioners' report and ordered that the property be partitioned consistent with the recommendations set forth in the report.

On December 23, 2021, Appellant filed a motion for new trial and, alternatively, a motion to set aside and motion to reconsider. Appellant's motion was ultimately overruled by operation of law. *See* TEX. R. CIV. P. 329b(c). This appeal followed.

*Analysis*

A partition case consists of two decrees that are both final and appealable. *Griffin v. Wolfe*, 610 S.W.2d 466, 466 (Tex. 1980). In the first decree, the trial court determines the following: (1) the share or interest of each owner in the property that the owners seek to divide, (2) all questions of law or equity that may affect title, and

4

(3) whether the property in dispute is subject to partition or sale. TEX. R. CIV. P. 760, 761, 770; *Ellis v. First City Nat'l Bank*, 864 S.W.2d 555, 557 (Tex. App.—Tyler 1993, no writ.). Further, the trial court is required to appoint three or more disinterested persons as commissioners who shall partition the property in dispute pursuant to the trial court's decree; the trial court may also provide directions to the commissioners as may be necessary and appropriate. *See* TEX. R. CIV. P. 760, 761.

With respect to the second decree, which is the focus of Appellant's challenge in this appeal, the commissioners "shall proceed to partition the real estate described in the decree of the court, in accordance with the directions contained in such decree and with the provisions of law and these rules." TEX. R. CIV. P. 766. After the partition is completed, the commissioners must submit, under oath, a written report to the trial court.[3] TEX. R. CIV. P. 769. Within thirty days after the commissioners file their report, any party to the partition suit may file objections with the trial court. TEX. R. CIV. P. 771.

Appellant asserts in his first issue that the trial court erred by overruling his objections to the commissioners' report without conducting a jury trial on his objections. The resolution of this issue turns on the timeliness of his objections. In this regard, Appellant's failure to appear for the hearing on Appellees' response to his objections is of no consequence because the timeliness question turns on the documents in the clerk's record.

"Texas Rule of Civil Procedure 771 sets forth the procedures and timelines for objections and states that a trial on any objections is mandatory[.]" *Williams v. Mai*, 471 S.W.3d 16, 19 (Tex. App.—Houston [1st Dist.] 2015, no pet.); *see Green v.*

---

[3]Rule 769 requires the commissioners' report to be under oath. Here, the commissioners' report was not under oath. However, Appellant does not complain of this omission.

*Marek*, No. 03-01-00502-CV, 2002 WL 722164, at \*1 (Tex. App.—Austin Apr. 25, 2002, no pet.) (not designated for publication) ("Rule 771 contemplates a 'trial on the issues' when a party to a partition action has objections to the commissioners' report."). Thus, a trial is mandatory if objections are timely filed to the commissioners' report. *See Williams*, 471 S.W.3d at 19; *Redden v. Hickey*, 308 S.W.2d 225, 229 (Tex. App.—Waco 1957, writ ref'd n.r.e.). The right to a trial on timely-filed objections includes the right to a jury trial if requested. *Redden*, 308 S.W.2d at 229.

Rule 769 of the Texas Rules of Civil Procedure sets out the requirements for the substance of the commissioners' report. *Williams*, 471 S.W.3d at 18; *see* TEX. R. CIV. P. 769. It also sets out the procedures by which the commissioners and the clerk must abide. *Williams*, 471 S.W.3d at 18. With respect to the clerk's responsibilities, the rule requires that "[t]he clerk shall immediately mail written notice of the filing of the [commissioners'] report to all parties." TEX. R. CIV. P. 769. Here, the clerk did not send written notice of the filing of the commissioners' report to the parties. However, Appellant does not complain of the omission of the clerk sending notice of the filing of the commissioners' report.[4]

---

[4]The use of "shall" in Rule 769 indicates that the clerk has a mandatory duty to immediately mail written notice of the filing of the commissioners' report. Section 21.049 of the Texas Property Code contains a similar requirement with respect to condemnation proceedings. *See* TEX. PROP. CODE ANN. § 21.049 (West 2014). In *John v. State*, the Texas Supreme Court determined that Section 21.049 sets out a mandatory duty for the clerk to follow, and that the applicable period for filing objections is tolled until the clerk sends the required notice. 826 S.W.2d 138, 139–41 (Tex. 1992). In this regard, the court noted that "[w]hen a statute provides the method by which notice shall be given in a particular instance, the notice provision must be followed with reasonable strictness." *Id.* at 141 n. 4. The San Antonio Court of Appeals reached the same result in *Oncor Elec. Delivery Co. LLC v. Schunke*, No. 04-13-00067-CV, 2013 WL 6672494, at \*3 (Tex. App.—San Antonio Dec. 18, 2013, pet. dism'd) (mem. op.). The court concluded that the fact that Oncor had actual notice of the filing in *Schunke* was of no consequence because the clerk had a mandatory duty to mail the required notice. *Id.*

Even though the clerk did not mail notice of the filing of the commissioners' report, the clerk affixed a file mark on the commissioners' report indicating that the report was filed on September 23. The file mark is the memorandum of the clerk of the date of a document's filing. *Pruitt v. State*, 49 S.W. 366, 366 (Tex. 1899). Until corrected, the date of the file mark is conclusive evidence of the date of filing. *Id.* As summarized by a legal treatise, "[t]he memorandum of the date of filing, affixed by the clerk or judge, is not conclusive where its error is shown by evidence received on that issue, but it does control unless it is amended, if erroneous, pursuant to a formal order of court." 2 ROY W. MCDONALD & ELAINE A. GRAFTON CARLSON, TEXAS CIVIL PRACTICE § 7:29 (2d. ed. 2022) (footnote omitted).

The September 23 date of filing, as reflected by the clerk's file mark, remained unchanged for the thirty-day period following the filing of the commissioners' report, and it extended through the date Appellant filed his objections to the commissioners' report. On November 3, Appellees filed their response asserting an earlier filing date for the commissioners' report—September 22—because that is the date that their counsel electronically transmitted it to the electronic filing service provider.

On November 23, two months after the date of filing of the commissioners' report, the trial court determined that Appellant's objections were untimely. In doing so, the trial court did not expressly change the date of filing of the commissioners' report.[5] As a result, for the purpose of this appeal, we consider that the trial court implicitly changed the date of filing to September 22 in its final judgment entered on November 23.

---

[5]As reflected in the bookmarks of the clerk's record, the date of filing of the commissioners' report remains September 23.

Appellees cite Rule 21(f)(5) of the Texas Rules of Civil Procedure in support of their argument that the commissioners' report was filed on September 22. This rule for electronic filing provides as follows:

> Timely Filing. Unless a document must be filed by a certain time of day, a document is considered timely filed if it is electronically filed at any time before midnight (in the court's time zone) on the filing deadline. An electronically filed document is deemed filed when transmitted to the filing party's electronic filing service provider[.]

TEX. R. CIV. P. 21(f)(5). Appellees rely on the second sentence of this provision to assert that the commissioners' report was filed on September 22, because that is when their attorney transmitted it to the electronic filing service provider. Appellees' reliance on Rule 21(f)(5) is certainly understandable because it is undisputed that their attorney electronically transmitted the commissioners' report on September 22.[6] And this interpretation is consistent with the traditional principle that "an instrument is deemed in law filed at the time it is left with the clerk, regardless of whether or not a file mark is placed on the instrument and regardless of whether the file mark gives some other date of filing." *See Standard Fire Ins. Co. v. LaCoke*, 585 S.W.2d 678, 680 (Tex. 1979). "The purpose of this rule is to protect a diligent party from being penalized by the errors and omissions of the court clerk." *Id.*

Appellant responds to Appellees' reliance on Rule 21(f)(5) by asserting that "[s]urely a party is allowed to rely upon the clerk's file-mark date in calculating a dead-line based upon the date of filing." Appellant cites *In re Smith*, for the proposition that "the term 'filed' has a different meaning when viewed from the

---

[6]Appellees' attorney also electronically served the commissioners' report on Appellant's attorney on September 22.

perspective of the clerk." 270 S.W.3d 783, 786 (Tex. App.—Waco 2008) (orig. proceeding). In this regard, the court in *Smith* noted that the clerk physically files a document by indorsing a file mark on it, recording it in the clerk's file docket, and maintaining the document in the clerk's file for the suit. *Id.*

There are two problems in this case that bear upon fundamental fairness and due process that must be afforded to the parties in the lawsuit. First, despite the fact that Rule 21(f)(5) provides that "[a]n electronically filed document is deemed filed when transmitted to the filing party's electronic filing service provider," the clerk did not use the date of September 22 on her file mark. Instead, she dated the file mark with the date of September 23.[7] Irrespective of the reason why, the commissioners' report, in and of itself, reflected that it was filed on September 23.

We respectfully disagree with the dissent's belief that, in the age of electronic filing, the file mark is of "no consequence." We first note that in its description of "how does e-filing work," the frequently asked questions section of eFileTexas.gov states that the trial court clerk provides "an electronic timestamp notification" to the filer when a document is accepted for filing. *Frequently Asked Questions*, **https://www.efiletexas.gov/faqs.htm** (last visited August 1, 2023). Thus, e-filing contemplates the continued use of a file mark. With respect to a partition proceeding, the clerk has a mandatory duty to notify the parties of the filing of the commissioners' report. The closest thing that the clerk did to comply with this requirement was to affix a file mark on the commissioners' report and, in doing so, the clerk indicated that the commissioners' report was filed on September 23. *See Pruitt*, 49 S.W. at 366.

---

[7]This court is advised by its own clerk's office that in efileTexas.gov, the clerk had the option of placing the date of September 22 on the file mark on the commissioners' report because that was the date it was sent to the electronic filing service provider.

The second problem arises from the fact that the file date on the commissioners' report remained September 23 for the next several days, including through the thirty-day period following either September 22 or September 23. At best, the date of filing was not corrected until November 23. As noted in *Pruitt*, until the date of the file mark is corrected, it remains conclusive evidence of the date of filing. 49 S.W. at 366. As applied to the facts in this case, this principle justifies Appellant's reliance on the file date of September 23 at the time he filed his objections to the commissioners' report.

The touchstone of due process is fundamental fairness. *In re B.L.D.*, 113 S.W.3d 340, 352 (Tex. 2003) (citing *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 24 (1981)). It would be fundamentally unfair for a filing which appeared to be timely at the time it was filed to be rendered untimely after-the-fact because the date of filing that the clerk placed on the commissioners' report was later changed. As noted in *LaCoke*, the purpose of the "deemed" filing date rule "is to protect a diligent party from being penalized by the errors and omissions of the court clerk." *LaCoke*, 585 S.W.2d at 680. Rule 21(f)(5) uses similar language pertaining to a "deemed" filing, indicating that Rule 21(f)(5) is a rule of protection to the filing party. But here, Appellees are not invoking Rule 21(f)(5) to protect them as the filers of the commissioners' report. Instead, they are using the deemed filing rule to cut short a responsive filing deadline after the deadline had already passed. We conclude that the use of Rule 21(f)(5) in this manner is inconsistent with the purpose of the deemed filing rule and it is inconsistent with the requirements of due process.

At the time that Appellant filed his objections to the commissioners' report, the file mark of the commissioners' report stated that it was filed on September 23. Until the date of filing was corrected to a different date, Appellant was permitted to

rely on the date shown on the file mark. *See Pruitt*, 49 S.W. at 366. Thus, Appellant's objections to the commissioners' report were timely.

Appellees assert in the alternative that even if Appellant's objections were timely filed, he is not entitled to a remand because his objections have no merit. They contend that Appellant's objections are insufficient because he only alleged that the report was "materially erroneous and/or it unequally and unjustly partitions the property" without specifying how the report was erroneous or creates an unequal and unjust partition.

We first note that Appellant's objections tracked the language of Rule 771: "If the report be found to be erroneous in any material respect, or unequal and unjust, the same shall be rejected." TEX. R. CIV. P. 771. Appellees do not cite any authority for the proposition that objections to a commissioners' report must be stated with any degree of specificity. Instead, they cite the burden *at trial* that Appellant would bear. In this regard, the party who objects to the report bears the burden to prove that the report is materially erroneous or that the partition is unequal and unjust. *Bowman v. Stephens*, 569 S.W.3d 210, 221 (Tex. App.—Houston [1st Dist.] 2018, no pet.); *Ellis*, 864 S.W.2d at 557. In the absence of contrary authority, we conclude that objections that track the language of Rule 771 are sufficient.

Finally, Appellant also objected in the alternative to the commissioners' report on the basis of the pendency of the appeal from the first partition decree. Our disposition today in Cause No. 11-21-00190-CV wherein we affirmed the first partition decree renders moot Appellant's objection to the commissioners' report based on the pendency of the other appeal.

We sustain Appellant's first issue. Appellant is entitled to a trial on his objection that the commissioners' "report is materially erroneous and/or it unequally

and unjustly partitions the property." Because of our disposition on Appellant's first issue, we do not reach his second issue.

*This Court's Ruling*

The trial court's final judgment and second partition decree is reversed, and this cause is remanded for further proceedings consistent with this opinion.


JOHN M. BAILEY
CHIEF JUSTICE


August 3, 2023

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.
(Trotter, J., dissenting with opinion)

12