Opinion filed August 3, 2023



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00054-CV

_____

## JACY GATES, Appellant

## V.

## DENISE MCDONALD AND DIANA DOBBINS, Appellees

**On Appeal from the 42nd District Court**
**Coleman County, Texas**
**Trial Court Cause No. CV20-01034**

### D I S S E N T I N G   O P I N I O N

The Texas Rules of Civil Procedure provide a framework for the filing of documents, and the calculation of related responsive deadlines, in civil cases. TEX. R. CIV. P. 2. Central to the disposition of this appeal is the application of Rule 21(f)(5)—the electronic filing rule. *See* TEX. R. CIV. P. 21(f)(5). My colleagues and I do not agree as to the proper application of this rule.

This appeal originates from the second phase of the parties' underlying partition proceedings.[1] Appellant contends here that the trial court erred when it (1) overruled his objections to the commissioners' report (which the trial court concluded were untimely) and thereafter signed the second final judgment and second partition decree and (2) did not grant his motion for new trial. Because I conclude that the trial court neither erred nor abused its discretion in either respect, I would affirm its judgment.

## I. *Factual Background*

This court's opinion in Cause No. 11-21-00190-CV thoroughly outlines the facts that concern the parties' underlying partition dispute; therefore, I will only discuss the facts that are pertinent to the issues that Appellant has raised in this appeal.

Denise McDonald and Diana Dobbins, Appellees, filed suit against Jacy Gates, Appellant, to partition in kind certain real property located in Coleman County; the property is jointly owned by the parties to this appeal. After the first phase of the partition action concluded, the trial court signed a decree of partition (the first partition decree) which, *inter alia*, (1) determined that the property was susceptible to partition in kind, (2) set out each party's interest in the property, and (3) appointed commissioners to partition the property pursuant to the trial court's decree.

Although Gates challenged the first partition decree in Cause No. 11-21-00190-CV referenced above, the second phase of the partition action continued. The appointed commissioners later submitted a report, as they must, recommending how the property should be partitioned. This report was electronically filed with the trial

---

[1]Appellant also appealed and challenged the trial court's first partition decree. Today we affirmed the trial court's judgment in that appeal. *See Gates v. McDonald*, No. 11-21-00190-CV (Tex. App.—Eastland Aug. 3, 2023, no pet. h.) (mem. op.).

court on September 22, 2021; therefore, the deadline to file objections to the commissioners' report was Friday, October 22, 2021. *See* TEX. R. CIV. P. 771. The trial court clerk subsequently placed a file stamp of September 23 on the report. Rather than relying on the electronic filing date to calculate the deadline to object to the report, as he should have, Appellant instead relied on the trial court clerk's subsequent file-stamp and filed his objections on Monday, October 25, 2021.

In Appellant's objections, he stated, generally, that (1) the commissioners' report was materially erroneous and/or it unequally and unjustly partitioned the property and (2) the commissioners' report was untimely because he had filed an appeal (Cause No. 11-21-00190-CV) to challenge the final judgment and partition decree that the trial court signed after the conclusion of the first phase of the partition action and was awaiting a ruling from this court in that appeal.

Appellees filed a response to Appellant's objections and contended that, because the commissioners' report was filed on September 22, 2021, Appellant's objections were untimely; therefore, he had waived his right to a trial of the contested issues. Pursuant to Appellees' request, a hearing was scheduled before the trial court to address Appellant's objections to the commissioners' report; the hearing date was November 23, 2021. Neither Appellant nor his trial counsel appeared at this hearing. The trial court thereafter signed its second final judgment on November 23, 2021, wherein it found, among other things, that Appellant's objections to the commissioners' report were untimely. Further, the trial court affirmed and adopted the commissioners' report and ordered that the property be partitioned consistent with the recommendations set forth in the report.

Appellant filed a motion for new trial and, alternatively, a motion to set aside and motion to reconsider on December 23, 2021, and Appellees filed their response to Appellant's motions on January 11, 2022. Appellant's motion for new trial was eventually overruled by operation of law. *See* TEX. R. CIV. P. 329b(c).

## II. *Discussion*

The Texas Rules of Civil Procedure set forth a two-phase process for the partition of real property. *See* TEX. R. CIV. P. 756–771. A partition action consists of two judgments and partition decrees that the trial court enters after the completion of each phase, both of which are appealable. *Griffin v. Wolfe*, 610 S.W.2d 466, 466 (Tex. 1980) (per curiam). In the first phase, which addresses the susceptibility of the property to be partitioned, the trial court determines (1) the share or interest of each owner in the property that the owners seek to divide, (2) all questions of law or equity that may affect title to the property, and (3) whether the property is subject to partition or sale. TEX. R. CIV. P. 760, 761, 770; *Williams v. Mai*, 471 S.W.3d 16, 18 (Tex. App.—Houston [1st Dist.] 2015, no pet.); *Ellis v. First City Nat'l Bank*, 864 S.W.2d 555, 557 (Tex. App.—Tyler 1993, no writ.). Further, the trial court is required to appoint three or more disinterested persons as commissioners who shall partition the property in dispute pursuant to the trial court's order; the trial court may also provide directions to the commissioners as may be necessary and appropriate. *See* TEX. R. CIV. P. 760, 761; *Williams*, 471 S.W.3d at 18.

With respect to the second phase of the partition process, the commissioners "shall proceed to partition the real estate described in the decree of the court, in accordance with the directions contained in such decree and with the provisions of law and these rules." TEX. R. CIV. P. 766. Next, the commissioners must submit, under oath, a written report to the trial court that includes their recommendations as to how the property should be partitioned. TEX. R. CIV. P. 769. Within thirty days after the commissioners' report is filed, any party to the partition action may file objections to the report with the trial court. TEX. R. CIV. P. 771; *see also Russell as Trustee of Jennifer McGough Russell Trust v. McGough as Trustee of John Michael McGough Trust*, No. 11-19-00270-CV, 2021 WL 3557574, at *2–3 (Tex. App.— Eastland Aug. 12, 2021, no pet.) (mem. op.).

4

A party who objects to the commissioners' report bears the burden to prove that the report is materially erroneous or that the recommended partition is unequal and unjust. *Bowman v. Stephens*, 569 S.W.3d 210, 221 (Tex. App.—Houston [1st Dist.] 2018, no pet.); *Ellis*, 864 S.W.2d at 557. If the trial court overrules the filed objections, it may then confirm the report in a second judgment. *Russell*, 2021 WL 3557574, at *3; *Bowman*, 569 S.W.3d at 222; *Ellis*, 864 S.W.2d at 557. However, if the trial court finds that (1) the report is materially erroneous in any respect or (2) the recommended partition is unequal and unjust, it must reject the report and appoint a new panel of commissioners to partition the land. TEX. R. CIV. P. 771; *see Bowman*, 569 S.W.3d at 222; *Williams*, 471 S.W.3d at 18; *Ellis*, 864 S.W.2d at 557. It is Appellant's challenge to the trial court's second judgment and second partition decree that is the focus of this appeal.

A. *Trial Court's Second Final Judgment – Timeliness of Objections to Report*

In his first issue, Appellant asserts that because his objections to the commissioners' report were timely filed, the trial court erred when it overruled his objections to the report and thereafter signed its second final judgment and second partition decree. As I discuss below, Appellant is misguided in his assertion.

There is no ambiguity in the rule: Appellant had thirty days from the date that the commissioners' report was filed with the trial court to file his objections to the report. TEX. R. CIV. P. 771. Here, it is undisputed that the commissioners' report was electronically filed with the trial court on September 22, 2021. Nevertheless, Appellant argues that the trial court clerk's subsequent file stamp notation on the report controls; therefore, Appellant maintains, the report should be deemed "filed" on that date. However, under the Texas Rules of Civil Procedure, an electronically filed *document* is considered *filed* when the document is successfully *transmitted* to the filing party's electronic filing service provider, unless the document is transmitted on weekends or a legal holiday. TEX. R. CIV. P. 21(f)(5)(A); *see also*

*Hall v. Lewis*, 639 S.W.3d 197, 207 (Tex. App.—Houston [1st Dist.] 2021, no pet.); *NA Land Co. v. State*, 624 S.W.3d 671, 674–75 (Tex. App.—Houston [14th Dist.] 2021, no pet.); *Cummings v. Billman*, 629 S.W.3d 297, 299–303 (Tex. App.—Fort Worth 2020, no pet.); *Nevarez Law Firm v. Investor Land Servs., L.L.C.*, 610 S.W.3d 567, 570–71 (Tex. App.—El Paso 2020, no pet.) (op. on reh'g); *High Rev Power, L.L.C. v. Freeport Logistics, Inc.*, No. 05-13-01360-CV, 2016 WL 6462392, at *3 (Tex. App.—Dallas Oct. 31, 2016, no pet.) (mem. op.). It then logically follows that any responsive deadline that would pertain to an electronically filed document must be calculated from the date that the *document* is *electronically filed*.

Appellees' trial counsel electronically filed the commissioners' report with the trial court on September 22, 2021. This was accomplished when the report was successfully transmitted to the electronic filing service provider for Appellees' trial counsel. The accompanying certificate of service shows that electronic service of the report's filing was also simultaneously issued to counsel for all parties to this action. Thus, under Rule 21(f)(5), the report was *filed* on September 22, 2021, not on September 23, 2021, as Appellant suggests. As such, and because the report was not transmitted and served on a weekend or legal holiday, the deadline to file objections to the commissioners' report was Friday, October 22, 2021, not Monday, October 25, 2021, as Appellant contends.

The majority rejects the "date of filing" interpretation I espouse, based, in part, on the concept of due process. The Due Process Clause of the United States Constitution prevents the government from depriving a person of his or her "property without due process of law." U.S. CONST. amend. XIV, § 1; *see also* TEX. CONST. art. 1, § 19 ("No citizen of this State shall be deprived of . . . property . . . except by the due course of the law of the land."). "It is well settled that these words 'require that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" *Mitchell v. MAP*

6

*Res., Inc.*, 649 S.W.3d 180, 188–89 (Tex. 2022) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313 (1950)).

My interpretation of Rule 21(f)(5) does not infringe on any of Appellant's due process rights. Rule 5 of the Texas Rules of Civil Procedure provides that after the expiration of a deadline, the trial court may, upon motion, permit a late filing, if the movant shows good cause for the failure to act. TEX. R. CIV. P. 5; *see also Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 686, 688 (Tex. 2002); *HBA East, LTD. v. JEA Boxing Co., Inc.*, 796 S.W.2d 534, 538 (Tex. App.—Houston [1st Dist.] 1990, writ denied). This rule provides a litigant with a "bailout" when, as in this case, necessary objections are not timely filed. Here, Appellant never filed any such motion or made any attempt to establish good cause or to explain why his objections were untimely; nor did he request leave to file delinquent objections. Appellant and his trial counsel also failed to appear at the hearing that was scheduled before the trial court to address Appellant's objections.

Due process has been afforded to Appellant. Without question, a party, who upon learning that a deadline has passed, may petition the trial court for leave to submit a delinquent filing. Appellant had the opportunity to avail himself of that avenue, however, he chose not to do so. As such, Appellant's failure to pursue this avenue does not constitute a denial of his due process rights.

Appellant argues that the purpose of Rule 21(f)(5) is to protect e-filers from missing a filing deadline based on an electronic error or a related mishap that results in the filing not being "technically" filed on the date it was transmitted under the rule. Therefore, Appellant maintains, Rule 21(f)(5) should not be used to punish him, and he should be allowed to rely upon the trial court clerk's manual file stamp date in calculating the required deadline to file his objections to the commissioners' report. Appellant's argument is flawed. The provisions of Rule 21(f) are neither a trap nor are they designed to punish e-filers, as Appellant suggests. Rather, the

7

supreme court's intention when it promulgated Rule 21(f) was to create a uniform method for litigants to electronically file documents in civil cases that is consistent with the court's mandate. *See* TEX. R. CIV. P. 21 cmt. 2013 (Rule 21(f)—*electronic filing*—became effective January 1, 2014, in compliance with the supreme court's mandate for the electronic filing of *all documents* in civil cases). Further, and importantly, neither party contends, and there is no evidence, that (1) any error, mishap, or "glitch" occurred during the process by which the commissioners' report was transmitted to the parties' counsel and filed with the clerk or (2) any party to this dispute was unaware that the report had been successfully transmitted and electronically filed.

Although the title of Rule 21 is "Filing and Serving Pleadings and Motions," Rule 21(f) was adopted in 2014 to specifically govern the "new wave" procedure—*electronic filing*—that the courts and litigants would be required to utilize to file and serve anything that is associated with a pending civil case. However, unlike the limited categories to which Rule 21(a)-(e) apply—to any pleading, plea, motion, or application to a court for an order—the scope of Rule 21(f) is clearly much broader—the procedures outlined in Rule 21(f) apply to the electronic filing of *all documents*. This distinction is significant and compelling.

For purposes of filing, after a document is electronically filed any subsequent "file stamp" that the trial court clerk notates on the same document is of no consequence. Why? Because the document is deemed to be *filed* when it is successfully transmitted to the filing party's electronic filing service provider, which occurs at the exact moment that the filer engages the "send button." Indeed, the purpose and intent of the electronic filing rules and procedures would be rendered meaningless if, after a document has been electronically filed, a manual "file stamp" that is subsequently notated on the same e-filed document by the trial court clerk becomes determinative of the document's actual date and time of filing. Contrary

8

to Appellant's assertion, a later notated "file stamp" by the trial court clerk creates confusion and does not determine the actual date and time that the document was filed. To conclude otherwise would be tantamount to ignoring the plain and intended meaning of Rule 21(f)(5).

The majority disagrees with what I have expressed in the preceding paragraph and refers to eFileTexas.gov to support their belief that e-filing procedures contemplate the continued use of a clerk's "file mark." I respectfully disagree with my colleagues' conclusion. The "frequently asked questions" section to which the majority alludes, and which pertains to a clerk's duty in connection with e-filed documents, contains this statement:

> **Clerks Accept or Reject Submissions**
> Court clerks receive the *electronically filed documents* and associated fees for processing and acceptance, review the documents, *accept the filings* or return them for correction, and provide an *electronic timestamp notification* to the filer for the accepted documents.

*Frequently Asked Questions*, https://www.efiletexas.gov/faqs.htm (last visited August 1, 2023) (emphasis added). Notably, this commentary clearly states that a clerk "*accept[s] the filings*" and then provides "*an electronic timestamp notification* to the filer for the *accepted* documents" (emphasis added). Read as a whole, the clerk's timestamp acts only as a notification of the *acceptance* of the document by the trial court, not of the document's *filing*. All electronically transmitted documents would have already been filed before reaching the "hands of the clerk." Therefore, the clerk's only remaining duties are to receive, review, and then either accept or reject the filing. Nothing in the above commentary indicates that *the clerk files* the document. Why? Because the document has already been filed, electronically.

Rule 21, as titled, designates the procedures to follow and the deadlines that must be met when filing and serving certain matters; however, Rule 21(f)(5), when invoked, may also trigger responsive deadlines. Therefore, the deadline for

9

Appellant to file his objections to the commissioners' report under Rule 771 was triggered and commenced on September 22, 2021, at the exact moment the report—a *document* under Rule 21(f)(5)—was electronically transmitted to the electronic filing service provider for Appellee's trial counsel. *See* TEX. R. CIV. P. 21(f)(5), 771. Because the mandated electronic filing procedures were utilized in this instance, in calculating the proper deadline to file his objections, Appellant's erroneous reliance on the subsequent "file stamp" that the trial court clerk notated on the report cannot save him.[2] Moreover, the interpretation of Rule 21(f)(5) advanced by Appellant, with which I disagree, would lead to confusion and greater uncertainty for litigants when calculating filing deadlines—the result being the use and consideration of two different dates to juggle when attempting to calculate when a timely filing occurs and when the next applicable deadline would commence.

As Appellant points out in his brief, prior to the adoption of the existing e-filing procedures, a document was deemed "filed" when it was delivered to and in the actual, physical possession of the clerk's office. *See Standard Fire Ins. Co. v. LaCoke*, 585 S.W.2d 678, 680 (Tex. 1979) ("that an instrument is deemed in law filed at the time it is left with the clerk, regardless of whether or not a file mark is placed on the instrument and regardless of whether the file mark gives some other date of filing"). However, times have changed. Rule 21(f)(5) is the electronic

---

[2]Rule 769 of the Texas Rules of Civil Procedure requires that the commissioners' report must be filed with the trial court. This occurred here. Rule 769 also requires that the trial court clerk "*shall* immediately *mail* written notice of the filing of the report to all parties" (emphasis added). Unfortunately, this did not occur. The majority emphasizes the trial court clerk's obligations under this rule and that Appellant's deadline to file his objections to the commissioners' report would arguably be tolled until the clerk has complied with Rule 769. *See Oncor Elec. Delivery Co., LLC v. Schunke*, No. 04-13-00067-CV, 2013 WL 6672494 (Tex. App.—San Antonio Dec. 18, 2013, pet. dism'd) (mem. op.). I agree that the trial court clerk's responsibilities are clearly defined. However, despite the clerk's failure to comply with her mandatory duty, and unlike the appellant in *Oncor*, because Appellant (Gates) did not raise an issue on appeal, or in the trial court below, as to how this oversight and clerical error could have potentially affected the disposition of this appeal, this circumstance cannot be considered or addressed here. *See* TEX. R. APP. P. 33.1.

equivalent of the mailbox rule and, because of today's advanced technology that will continue to evolve and the implementation of the mandated electronic filing procedures, Rule 21(f)(5) controls in this instance. Similar to the application of the mailbox rule, Rule 21(f)(5) provides that a document is deemed *filed* "at the moment" it is successfully *transmitted* to the filing party's electronic service provider (here Appellees' trial counsel), irrespective of when the document is in "the hands" of the trial court clerk. For this filing to be effective, there is no requirement that the trial court clerk must actually receive the electronically filed document within a prescribed time period. In other words, when or if the trial court clerk receives the filed document is of no consequence because the *document* is deemed to be *filed* when it is successfully submitted to an electronic filing service provider, as the report was in this case, not when it is received by the trial court clerk. *See Hall*, 639 S.W.3d at 207–08; *NA Land*, 624 S.W.3d at 674; *Cummings*, 629 S.W.3d at 300.

It is also noted that, when Appellant filed his motion for new trial, he relied on Rule 21(f)(5) when he claimed that his motion was timely filed—Appellant's motion was electronically transmitted to the trial court clerk and counsel for the parties on December 23, 2021, but the clerk did not notate a file stamp to it until December 27, 2021. Certainly, Appellant's motion for new trial would not have been timely filed if the trial court had relied on the clerk's file stamp date. Appellant cannot rely on Rule 21(f)(5) only when it suits him to do so in one instance and then claim ignorance of its application when the result does not benefit him.

The dilemma here is not the method that was used to file the commissioners' report. Rather, it is Appellant's failure to accurately calculate the correct deadline to file his objections. Contrary to Appellant's arguments, and to some extent the majority's conclusion, the application of Rule 21(f)(5) in this instance is neither punitive, unreasonable, nor is it designed to dilute the concept of "fundamental

fairness." Therefore, I conclude that the trial court did not err when it overruled Appellant's untimely objections to the commissioners' report and thereafter signed its second final judgment and second partition decree. The record here does not support Appellant's arguments. Accordingly, I would overrule Appellant's first issue. Because the majority holds otherwise, I respectfully dissent.

### B. *Motion for New Trial*

In his second issue, Appellant asserts that the trial court erred when it did not grant his motion for new trial because his failure to appear at the November 23, 2021, hearing is excusable and can be readily explained. The majority did not address this issue, and in light of their holding on Appellant's first issue it would not be necessary for them to do so. However, because I would overrule Appellant's first issue, I will discuss Appellant's second issue.

In Texas, a judgment rendered against a defaulted party should be set aside and a new trial granted when the defaulted party files a motion for new trial and, with *supporting evidence*, establishes that (1) the failure to appear at the hearing or trial was not intentional or the result of conscious indifference, but was the result of an accident or mistake, (2) the motion sets up a meritorious defense, and (3) granting the motion will occasion no delay or otherwise injure the plaintiff. *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939); *see also Ivy v. Carrell*, 407 S.W.2d 212, 213–14 (Tex. 1966) (the rule set out in *Craddock* is applicable to a motion for new trial which seeks to set aside a default judgment based on a party's failure to appear for trial).

We review a trial court's refusal to grant a motion for new trial for an abuse of discretion. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009). When a defaulted party moves for a new trial and meets all three elements of the *Craddock* test, a trial court abuses its discretion if it fails to grant a new trial. *Id.*

### 1. *Failure to Appear the Result of Conscious Indifference*

In determining whether a party's failure to appear was due to intentional conduct or conscious indifference, the reviewing court must focus on the defendant's knowledge and conduct. *In re R.R.*, 209 S.W.3d 112, 115 (Tex. 2006) (per curiam); *Director, State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 269 (Tex. 1994). Consciously indifferent conduct occurs when "the defendant knew it was sued but did not care." *Fid. & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 575 (Tex. 2006) (per curiam). In this regard, it has been held that a pattern of ignoring deadlines and warnings received from the opposing party is tantamount to conscious indifference. *Levine v. Shackelford, Melton & McKinley, L.L.P.*, 248 S.W.3d 166, 168–69 (Tex. 2008) (per curiam); *Hayward v. Gomez*, 663 S.W.3d 790, 797 (Tex. App.—Texarkana 2023, no pet. h.); *Dodd v. Savino*, 426 S.W.3d 275, 288 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

Generally, some excuse, although it may not necessarily be a good one, is sufficient to show that a defendant's failure to appear was not because he did not care, i.e., the defendant's conduct was not consciously indifferent. *In re R.R.*, 209 S.W.3d at 115; *Fidelity*, 186 S.W.3d at 576 (citing *Craddock*, 133 S.W.2d at 125). Nevertheless, forgetfulness alone is insufficient to satisfy the first *Craddock* element. *Sutherland v. Spencer*, 376 S.W.3d 752, 755 (Tex. 2012). Further, situations where the attorney's conduct reached the level of conscious indifference generally involved circumstances where *evidence was presented* that the movant's attorney either was aware of the impending default or repeatedly ignored deadlines or communications. *Take 5 LLC v. Smith*, No. 05-22-00390-CV, 2023 WL 1229028, at *6 (Tex. App.—Dallas Jan. 31, 2023, no pet.) (mem. op.) (citing *Cervantes v. Cervantes*, No. 03-07-00381-CV, 2009 WL 3682637, at *8 (Tex. App.—Austin Nov. 5, 2009, no pet.) (mem. op.)).

Appellant had the burden to present uncontroverted factual assertions which, if true, would negate consciously indifferent conduct. *Milestone Operating, Inc. v. ExxonMobil Corp.*, 388 S.W.3d 307, 310 (Tex. 2012); *Sutherland*, 376 S.W.3d at 755. Appellant argues that he and his trial counsel did not appear at the November 23, 2021, hearing because his trial counsel inadvertently failed to calendar the hearing setting. However, in his motion, Appellant offered no factual explanation for the alleged calendaring error from which the trial court could have determined that Appellant or his trial counsel's failure to appear was the result of an accident or mistake, rather than conscious indifference. Rather, Appellant advanced only a global, bare assertion to justify his and his trial counsel's failure to appear at the hearing. To his detriment, Appellant did not present any *evidence*—a necessary requirement to obtain the relief he requested in the trial court and now on appeal— to either support this assertion or to explain the reasons for the alleged calendaring error. *See Carpenter*, 98 S.W.3d at 688 (the trial court did not err when it denied defendant's motion for new trial, which was not accompanied by any supporting affidavits or other evidence, based upon trial counsel's bare assertion, without explanation, that he had "mis-calendared" the due date for the response to the motion for summary judgment); *Tex. Petroleum Land Mgmt., LLC v. McMillan*, 641 S.W.3d 831, 849 (Tex. App.—Eastland 2022, no pet.) (no explanation or evidence offered by the movant to demonstrate good cause for failing to timely respond).

Further, Appellees argue, and Appellant has not disputed, that Appellant's trial counsel exhibited a pattern of ignoring deadlines, including the deadline to file timely objections to the commissioners' report. Appellant's trial counsel also repeatedly ignored communications from others. Appellees' trial counsel notified Appellant's trial counsel, via separate e-mail/e-filing service transmissions, of (1) the November 23, 2021, hearing setting and (2) the filing of the commissioners' report. However, and despite the receipt of these notices and filings, Appellant has

14

failed to explain the reasons for his trial counsel's delays in opening the e-mail service notifications that were provided with the transmitted hearing notice and the e-filed commissioners' report—Appellant's trial counsel did not even open the hearing notice e-mail service notification until *after* the scheduled time for the November 23 hearing had passed and he opened the e-mail service notification that accompanied the e-filed commissioners' report twenty-nine days *after* it was served and the day before Appellant's objections were due to be filed. *See Carpenter*, 98 S.W.3d at 688 (the movant did not investigate the circumstances that had caused the filing deadline to pass until after the hearing on the motion).

In this case, Appellant's bare and unexplained assertion—his trial counsel's alleged inadvertent conduct—that his or his trial counsel's failure to appear at the November 23, 2021, hearing was due to his trial counsel's calendaring error, without more, is insufficient to satisfy his burden as to the first *Craddock* element. Moreover, Appellant has presented *no evidence* to support his assertion. But this assertion, when combined with the pattern and proclivity of Appellant's trial counsel to miss critical deadlines and ignore communications, shows that the conduct here rises to the level of conscious indifference.[3] Consequently, I would conclude that Appellant has failed to satisfy the first *Craddock* element.

### 2. *Meritorious Defense*

Even assuming that Appellant established the first *Craddock* element, he cannot establish the second element. The second *Craddock* element requires that the defendant "set up" a meritorious defense. *Craddock*, 133 S.W.2d at 126. A meritorious defense is one that, if true, would result in a different outcome if a new

---

[3]Calendaring errors, tardiness, or failing to appear for scheduled court proceedings seems to be the norm for Appellant's trial counsel. We have encountered similar issues with Appellant's trial counsel—he did not appear for oral argument at the time that argument was scheduled. Ironically, this "mishap" occurred in the companion appeal that we have released today (*see* footnote 1) for which he offered the same excuse that he asserts and relies on here—a calendaring oversight.

trial is granted, although it need not be a totally opposite result. *L'Arte De La Mode, Inc. v. Neiman Marcus Grp.*, 395 S.W.3d 291, 296 (Tex. App.—Dallas 2013, no pet.); *Jaco v. Rivera*, 278 S.W.3d 867, 873 (Tex. App.—Houston [14th Dist.] 2009, no pet.). To satisfy this element, a defendant must do more than merely *allege* that he has a meritorious defense; rather, the defendant's motion (1) must allege facts which in law would constitute a defense to the cause(s) of action asserted by the plaintiff, and (2) *must be supported by affidavits or other evidence* that provide prima facie proof that the defendant has, in fact, a meritorious defense. *Dolgencorp*, 288 S.W.3d at 928; *Ivy*, 407 S.W.2d at 214. Once these requirements are satisfied, controverting evidence offered by the nonmovant should not be considered. *Dolgencorp*, 288 S.W.3d at 928 (citing *Ivy*, 407 S.W.2d at 214).

In his motion for new trial, Appellant alleges, globally, that he "has a meritorious defense to the entry of the Judgment, as generally indicated in Paragraph 6 above." Paragraph 6 in Appellant's motion also globally alleges as a defense that his objections to the commissioners' report were timely filed. However, as discussed above, I believe that Appellant's objections were not timely filed. Therefore, this assertion, even if true or proven, would not constitute a meritorious defense. Apart from this generalized statement, Appellant alleges no facts that would constitute a meritorious defense to the entry of the trial court's second final judgment—such as by stating that his objections to the commissioners' report are a meritorious defense and addressing the bases for *why* he claims that the commissioners' report is materially erroneous, the partition is unequal and unjust, or both. *See Ellis*, 864 S.W.2d at 557.

Nor did Appellant submit any *affidavits or other evidence* with his motion, as is required, that would provide prima facie proof that he has any meritorious defense to the entry of the trial court's second final judgment. This is significant because the failure to submit any evidence whatsoever to support his meritorious

16

defense assertion is fatal to Appellant's argument on appeal. *See Djomo v. Tchengwe*, No. 01-20-00581-CV, 2022 WL 2836805, at *2 (Tex. App.—Houston [1st Dist.] July 21, 2022, no pet.) (mem. op.) (holding that a movant does not satisfy the second *Craddock* element if his motion contains only conclusory statements and is not supported by affidavits or other evidence); *Kapur v. U.S. Bank Nat'l Ass'n as Trustee for Holders of CIM Trust 2017-3 Mortgage-Backed Notes, Series 2017-3*, No. 14-19-00842-CV, 2021 WL 388475, at *5 (Tex. App.—Houston [14th Dist.] Feb. 4, 2021, no pet.) (mem. op.) (holding that the movant did not satisfy the second *Craddock* element when his motion for new trial only challenged defective service and did not provide any evidence to support his other alleged defenses); *One Thousand Four Hundred Thirty-Seven Dollars ($1,437.00) in United States Currency v. State*, 587 S.W.3d 422, 430 (Tex. App.—San Antonio 2019, no pet.) (holding that a movant does not satisfy the second *Craddock* element if the motion contains only bare assertions and unsupported conclusions); *Chapple v. Hall*, No. 05-18-01209-CV, 2019 WL 2482628, at *2 (Tex. App.—Dallas June 14, 2019, no pet.) (mem. op.) (holding that a movant does not satisfy the second *Craddock* element when no affidavits or other evidence are submitted to support the allegations of a meritorious defense).

Appellant's motion for new trial contains only sparse, bare, conclusory, and unexplained assertions that have no evidentiary support. Further, his failure to sufficiently allege a basis for the relief that he requests and to provide *any evidence* to support such assertions are critical deficiencies.[4] Thus, I would conclude that Appellant's motion fails to satisfy the second *Craddock* element.

---

[4]It is also noted that Appellant did not request a hearing on his motion and thus made no effort to present evidence to the trial court to support his global assertions and to develop the record for appellate review.

Because I would conclude that Appellant has not satisfied the first and second *Craddock* elements, it is not necessary to discuss whether he has satisfied the third *Craddock* element. Accordingly, I would overrule Appellant's second issue.

## III. *Conclusion*

For the reasons stated above, I conclude that the trial court did not err or abuse its discretion in any respect, as Appellant suggests. Therefore, I would affirm the trial court's judgment.

W. STACY TROTTER
JUSTICE

August 3, 2023

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.